

Cite as 2014 Ark. 159

# SUPREME COURT OF ARKANSAS

No. CR-13-984

| | |
|---|---|
| JACKIE BREEDEN, JR.        APPELLANT | **Opinion Delivered** April 10, 2014 |
| V. | PRO SE MOTION TO PROVIDE CERTIFIED RECORD AND PRO SE APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. 04CR-10-1326] |
| STATE OF ARKANSAS        APPELLEE | HONORABLE ROBIN GREEN, JUDGE |
| | ORDER AFFIRMED; MOTION MOOT. |

## PER CURIAM

In 2011, appellant Jackie Breeden, Jr., was found guilty by a jury of one count of rape of his biological daughter, a minor, and a sentence of life imprisonment was imposed. This court affirmed. *Breeden v. State*, 2013 Ark. 145, ___ S.W.3d ___.

Subsequently, appellant timely filed in the trial court a verified, pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2011). The trial court denied the petition without a hearing.[1] Appellant lodged an appeal of that order in this court. Both appellant and the State have filed timely briefs. Now before us is appellant's motion

---

[1] Arkansas Rule of Criminal Procedure 37.3(c) provides that an evidentiary hearing should be held in postconviction proceedings unless the files and record of the case conclusively show that the prisoner is entitled to no relief. *Eason v. State*, 2011 Ark. 352 (per curiam); *Hayes v. State*, 2011 Ark. 327, 383 S.W.3d 824 (per curiam). Where the circuit court dismisses a Rule 37.1 petition without an evidentiary hearing, it "shall make written findings to that effect, specifying any parts of the files, or records that are relied upon to sustain the court's findings." Ark. R. Crim. P. 37.3(a); *see Eason*, 2011 Ark. 352. In the instant case, the circuit court's order denying postconviction relief complies with the requirements of Rule 37.3.

SLIP OPINION

to provide a certified record in which he requests a copy of the "trial transcript and docket entry records." As it is clear from the record and the filed briefs that appellant could not prevail if the appeal were permitted to go forward, the order is affirmed, and the motion is moot.

In his petition, appellant alleged that he was entitled to relief based on ineffective assistance of counsel and related trial errors.[2] This court has held that it will reverse the trial court's decision granting or denying postconviction relief only when that decision is clearly erroneous. *Johnson v. State*, 2014 Ark. 74; *Pankau v. State*, 2013 Ark. 162. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Sartin v. State*, 2012 Ark. 155, 400 S.W.3d 694.

When considering an appeal from a trial court's denial of a Rule 37.1 petition based on ineffective assistance of counsel, the sole question presented is whether, based on a totality of the evidence under the standard set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), the trial court clearly erred in holding that counsel's performance was not ineffective. *Taylor v. State*, 2013 Ark. 146, ___ S.W.3d ___.

The benchmark for judging a claim of ineffective assistance of counsel must be "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial

---

[2]In the prayer for relief in his reply brief, appellant sought appointment of counsel for the appeal. He did not develop any argument to support his request. Moreover, postconviction matters are considered civil in nature, and there is no absolute right to appointment of counsel. *Ellis v. State*, 2014 Ark. 24 (per curiam). We have held that, if an appellant makes a substantial showing that he is entitled to relief in a postconviction appeal and that he cannot proceed without counsel, we will appoint counsel. *Evans v. State*, 2014 Ark. 6. However, in the instant case, appellant has not demonstrated merit to his appeal and, therefore, he has not met his burden of establishing that he is entitled to appointment of counsel.

SLIP OPINION

cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686. Pursuant to *Strickland,* we assess the effectiveness of counsel under a two-prong standard. First, a petitioner raising a claim of ineffective assistance must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment to the United States Constitution. *Williams v. State*, 369 Ark. 104, 251 S.W.3d 290 (2007). There is a strong presumption that trial counsel's conduct falls within the wide range of professional assistance, and an appellant has the burden of overcoming this presumption by identifying specific acts or omissions of trial counsel, which, when viewed from counsel's perspective at the time of the trial, could not have been the result of reasonable professional judgment. *Henington v. State*, 2012 Ark. 181, 403 S.W.3d 55; *McCraney v. State*, 2010 Ark. 96, 360 S.W.3d 144 (per curiam). Second, the petitioner must show that counsel's deficient performance so prejudiced petitioner's defense that he was deprived of a fair trial. *Holloway v. State*, 2013 Ark. 140, ___ S.W.3d ___. A petitioner making an ineffective-assistance-of-counsel claim must show that his counsel's performance fell below an objective standard of reasonableness. *Abernathy v. State*, 2012 Ark. 59, 386 S.W.3d 477 (per curiam). The petitioner must show that there is a reasonable probability that, but for counsel's errors, the fact-finder would have had a reasonable doubt respecting guilt, i.e., the decision reached would have been different absent the errors. *Howard v. State*, 367 Ark. 18, 238 S.W.3d 24 (2006). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.* The language, "the outcome of the trial," refers not only to the finding of guilt or innocence, but also to possible prejudice in sentencing. *Id.* Unless a petitioner makes both showings, it cannot be said that the conviction

resulted from a breakdown in the adversarial process that renders the result unreliable. *Id.* "[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697.

On appeal, appellant first makes a number of claims for relief stemming from his allegation that he was removed from the courtroom during the testimony of his former wife, Paula Breeden, who testified on behalf of the State in both the guilt and sentencing phases of the trial. Appellant contends that his alleged removal from the courtroom constituted fundamental error, a denial of his right to due process and a fair trial, and a denial of his right to confront witnesses. He also seems to contend that counsel's failure to object to his alleged removal amounted to ineffective assistance and that prosecutorial misconduct occurred to the extent that the prosecuting attorney directed his removal.[3] To the extent that appellant's claims are cognizable under the Rule, there is no factual substantiation for the underlying allegation as the trial record does not support his claim that he was not present in the courtroom during the testimony of his former wife. During Ms. Breeden's testimony during the guilt phase of the trial, she was asked to identify appellant, and she pointed him out in the courtroom. Then, prior to reading the jury's verdict, the trial court stated for the record that appellant was present in the courtroom. Immediately after the guilty verdict was announced, the trial court proceeded with the sentencing phase of the trial and the State called Ms. Breeden as its first witness. Because

_____

[3]On direct appeal, appellant raised the argument that he was removed from the courtroom during some of the proceedings. This court did not consider the argument, holding that the allegation was conclusory and that appellant made no objection at trial. *Breeden*, 2013 Ark. 145, ___ S.W.3d ___.

SLIP OPINION

the trial record does not support appellant's allegations, his argument must fail.

In his second argument on appeal, appellant contends that he "listed and requested several witnesses to offer exculpatory evidence and was denied." He then refers to his "children[,] who could not have been totally ignorant of claimed activity of taking place over seven years." Appellant attached to his petition a handwritten note signed by his father, Jackie Breeden, Sr., that stated that if appellant's father had been called to testify during the guilt phase of the trial, he would have testified that appellant's mother spent time taking care of appellant's children. On appeal, however, appellant only references "witnesses" and does not specifically refer to any error based on his father not being called as a witness.

To the extent that appellant has made the argument on appeal that counsel provided ineffective assistance based on the decision not to call as witnesses appellant's father or his children, who are the younger siblings of the victim, this claim is without merit. The objective in reviewing an assertion of ineffective assistance of counsel concerning the failure to call a certain witness is to determine whether the failure resulted in actual prejudice that denied the petitioner a fair trial. *Moten v. State*, 2013 Ark. 503 (per curiam); *Greer v. State*, 2012 Ark. 158 (per curiam) (citing *Woody v. State*, 2009 Ark. 413 (per curiam)). When a petitioner alleges ineffective assistance of counsel concerning the failure to call witnesses, it is incumbent on the petitioner to name the witness, provide a summary of the testimony, and establish that the testimony would have been admissible into evidence. *Boatright v. State*, 2014 Ark. 66 (per curiam). The decision to call or not to call a particular witness is largely a matter of professional judgment. *Adams v. State*, 2013 Ark. 174, ___ S.W.3d ___. The fact that there was a witness or witnesses who could

SLIP OPINION

have offered beneficial testimony is not, in itself, proof of counsel's ineffectiveness. *Id.* (citing *Noel v. State*, 342 Ark. 35, 26 S.W.3d 123 (2000)). In order to demonstrate prejudice, appellant must establish that there was a reasonable probability that, had counsel performed further investigation and presented the witness, the outcome of the trial would have been different. *Greer*, 2012 Ark. 158.

Here, appellant's argument presumably rests on the contention that witnesses could have provided evidence that individuals living in the home did not observe any suspicious activity evidencing the rape of his daughter for which he was convicted. However, appellant fails to substantiate his conclusory claim or offer any facts from which it could be said that counsel's decision not to call as witnesses appellant's younger children or his father was anything more than an exercise of professional judgment. Moreover, the failure to call witnesses whose testimony would be cumulative to testimony already presented does not deprive the defense of vital evidence. *Moten*, 2013 Ark. 503. The testimony that would have been provided by appellant's father, according to the handwritten note, was presented through the testimony of appellant's mother. She testified that, during the last several years in which she was living with her son and his family in their three-bedroom trailer, she spent a lot of time taking care of the children and had not seen anything "untoward" between appellant and his oldest child.

In his third point on appeal, appellant argues that his attorney was remiss in not moving to suppress his confession on the basis that he was not read his *Miranda* warnings prior to giving his statement. A person seeking postconviction relief on a claim of ineffective assistance that is based on the failure of counsel to make a motion or objection must show that counsel could

have made a successful argument in order to demonstrate the prejudice required under the *Strickland* test. *Hogan v. State*, 2013 Ark. 223 (per curiam) (citing *Lowe v. State*, 2012 Ark. 185, ___ S.W.3d ___ (per curiam)). Failure to make a meritless objection or motion does not constitute ineffective assistance of counsel. *Greene v. State*, 356 Ark. 59, 146 S.W.3d 871 (2004).

Prior to trial, counsel moved to suppress appellant's statement; however, counsel moved to withdraw the motion after further investigation, and the trial court granted the motion to withdraw. At trial, Wes Bryant, a criminal investigator with the Benton County Sheriff's Office, testified that, as part of his investigation into the allegations against appellant, he asked appellant's former wife to call appellant and request that he go to the sheriff's office for an interview. According to Investigator Bryant, when appellant arrived at the sheriff's office, he was taken to an interview room and told that he was not under arrest and was free to leave whenever he chose. Investigator Bryant further testified that, if appellant had decided to leave the sheriff's office, he would have been allowed to do so. The recording of investigator Bryant's interview of appellant, which was introduced into evidence at trial, does not support appellant's bald allegations that he was threatened with arrest and the imprisonment of his parents or that he made a request to call his father that was denied.

*Miranda* warnings are required only in the context of a custodial interrogation. *Hall v. State*, 361 Ark. 379, 206 S.W.3d 830 (2005); *Wofford v. State*, 330 Ark. 8, 952 S.W.2d 646 (1997). A person is in custody for purposes of the *Miranda* warnings when he or she is "deprived of his freedom by formal arrest or restraint on freedom of movement of the degree associated with a formal arrest." *Wallace v. State*, 2009 Ark. 90, 302 S.W.3d 580; *Hall*, 361 Ark. 379, 206 S.W.3d

SLIP OPINION

830 (quoting *Wofford*, 330 Ark. 8, 28, 952 S.W.2d 646, 656). In resolving the question of whether a suspect was in custody at a particular time, the only relevant inquiry is how a reasonable person in the suspect's shoes would have understood the situation. *Wallace*, 2009 Ark. 90, 302 S.W.3d 580; *Hall*, 361 Ark. 379, 206 S.W.3d 830. As previously noted, appellant was asked to go to the sheriff's office by his former wife, he arrived at the office of his own volition, and he was told by the investigating officer that he could leave at any time. In view of these circumstances, appellant was not "in custody" when he gave his statement such that the procedural safeguards of *Miranda* were inapplicable. Because appellant cannot establish that a motion to suppress would have had merit, he has failed to state a claim for ineffective assistance of counsel.

Appellant raises the argument in his fourth point on appeal that he was not brought to trial until 435 days after his arrest and that the only excluded period of delay of which he is aware is a 60-day period for a mental evaluation. Appellant states that he complained to counsel and to the court about the delay and that counsel had "no excuse to ignore" the speedy-trial violation. An allegation of a speedy-trial violation is a claim of trial error and is not cognizable in a Rule 37.1 petition. *Meek v. State*, 2013 Ark. 324 (per curiam). Such claims of trial error, even those of a constitutional dimension, must be raised at trial and on appeal. *Watson v. State*, 2012 Ark. 27 (per curiam).

To the extent that appellant has stated a claim for ineffective assistance of counsel based on counsel's failure to file a motion to dismiss based on a speedy-trial violation, he fails to show that such a motion would have been meritorious. As noted herein, a person seeking postconviction relief on a claim of ineffective assistance that is based on the failure of counsel

8

SLIP OPINION

to make a motion or objection must show that counsel could have made a successful argument in order to demonstrate the prejudice required under the *Strickland* test. *Hogan*, 2013 Ark. 223 (citing *Lowe*, 2012 Ark. 185, ___ S.W.3d ___ ).

Under the speedy-trial rule, if a criminal defendant is not brought to trial within twelve months, the charges shall be dismissed with an absolute bar to prosecution. Ark. R. Crim. P. 28.1(c) (2011); Ark. R. Crim. P. 30.1 (2011). Arkansas Rules of Criminal Procedure 28.2 and 28.3 set out the calculation of time under the speedy-trial rule and authorize time periods resulting from necessary delays to be excluded from the calculation. *See Moten*, 2013 Ark. 503.

Appellant was arrested on August 28, 2010, and was brought to trial on December 14, 2011. For the purpose of determining time under Rule 28.1, the time for trial commenced running on the date of appellant's arrest and ended on the day of appellant's trial. *See Moten*, 2013 Ark. 503; Ark. R. Crim. P. 28.2(a). By this court's calculation, a total of 475 days elapsed between appellant's arrest and trial. This time period exceeded the twelve-month limitation in Rule 28.1(c). However, attached to the State's response to appellant's petition are defendant's motion to continue the trial date and orders denoting continuances of the trial date and the time that is excluded for the purpose of calculating speedy trial. The trial court found that 143 days had been properly excluded from the speedy-trial calculation based on periods of delay resulting from a motion to continue filed by defense counsel, a mental evaluation of appellant, the scheduling of a suppression hearing, and docket congestion. *See* Ark. R. Crim. P. 28.3. When these periods of delay are excluded from the 475-day period, 332 days are left, which was within the one-year period of speedy trial. Appellant fails to show on appeal that these periods of delay

9

should not have been excluded from the speedy-trial calculation such that counsel could have made a successful argument based on a speedy-trial violation. Accordingly, he fails to demononsrate the prejudice required by *Strickland*.

Appellant also contends that counsel was ineffective based on the failure to seek his release after he was in jail for nine months awaiting trial. Arkansas Rule of Criminal Procedure 28.1(a) mandates that an incarcerated defendant be released on his own recognizance if not brought to trial within nine months following arrest. The Rule does not provide for an absolute discharge but, at most, would have entitled appellant to be released and then to be tried within the time allowed. *See Jackson v. State*, 290 Ark. 375, 720 S.W.2d 282 (1986); *Cash v. State*, 271 Ark. 881, 611 S.W.2d 510 (1981); *Bell v. State*, 270 Ark. 1, 603 S.W.2d 397 (1980). In his reply brief, appellant makes the conclusory allegation that, if he had been released after nine months, he could have gathered "crucial evidence and testimony." However, he does not describe what evidence he would have discovered if he had been released. Because appellant fails to show that the outcome of the trial would have been any different if he had been released on his own recognizance while awaiting trial, he is not entitled to relief. *See Wilburn v. State*, 292 Ark. 416, 730 S.W.2d 491 (1987) (Even if counsel could have made a meritorious motion, the judgment must stand unless the petitioner demonstrates that the failure to file the motion had a prejudicial effect on the outcome of the trial.).

Finally, appellant makes the conclusory claim that counsel was ineffective based on the failure to present a defense or conduct an investigation.[4] Appellant also contends that counsel

---

[4]Appellant argues for the first time on appeal that counsel failed to explore a defense based on the theory that the victim made the allegations against him in an attempt to avoid

would not discuss the case or charges with him, and he alleges that he asked the trial court to relieve counsel because their relationship was adversarial.

Counsel has a duty to make a reasonable investigation or to make a reasonable decision that makes particular investigations unnecessary; but, when a petitioner under Rule 37.1 alleges ineffective assistance for failure to perform adequate investigation, he must delineate the actual prejudice that arose from the failure to investigate and demonstrate a reasonable probability that the specific materials that would have been uncovered with further investigation could have changed the outcome. *Bryant v. State*, 2013 Ark. 305, ___ S.W.3d ___ (per curiam). The burden is entirely on the claimant to provide facts that affirmatively support his or her claims of prejudice; neither conclusory statements nor allegations without factual substantiation are sufficient to overcome the presumption that counsel was effective, and such statements and allegations will not warrant granting postconviction relief. *Abernathy*, 2012 Ark. 59, 386 S.W.3d 477. Here, appellant's arguments are limited to conclusory allegations, and he fails to provide any facts to support his claims. He does not describe any convincing defense that counsel could have presented, show how further investigation would have been fruitful, or state how the defense suffered from any lack of communication.

Order affirmed; motion moot.
*Jackie Breeden, Jr.*, pro se appellant.
*Dustin McDaniel*, Att'y Gen., by: *Jake H. Jones*, Ass't Att'y Gen., for appellee.

---

punishment when her mother overhead her having an inappropriate conversation with her boyfriend. Because arguments raised for the first time on appeal could not have been considered by the trial court, they will not be addressed by this court. *Green v. State*, 2013 Ark. 455 (per curiam); *Williams v. State*, 2013 Ark. 375 (per curiam). Accordingly, we do not consider any argument raised by appellant for the first time on appeal.