# SUPREME COURT OF ARKANSAS

**No.** CR-13-9

|  |  |
|---|---|
| RONALD E. ROBINSON **APPELLANT** | **Opinion Delivered** June 26, 2014 |
| V. | PRO SE APPEAL FROM THE HOT SPRING COUNTY CIRCUIT COURT [NO. 30CR-08-131] |
| STATE OF ARKANSAS **APPELLEE** | HONORABLE PHILLIP H. SHIRRON, JUDGE |
|  | <u>AFFIRMED</u>. |

## PER CURIAM

In 2009, appellant Ronald E. Robinson was found guilty by a jury of two counts of attempted first-degree murder and two counts of first-degree battery. He was sentenced, with an enhancement for committing a felony with a firearm, to an aggregate term of 1620 months' imprisonment. The Arkansas Court of Appeals affirmed. *Robinson v. State*, 2010 Ark. App. 772.

After the court of appeals issued its mandate on appeal, petitioner timely filed in the trial court a pro se verified petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2009). The court entered an order denying the petition on December 28, 2011.[1] Petitioner did not timely file a notice of appeal from the order and sought leave from this court to proceed with a belated appeal. The motion was granted on the ground that appellant had not been informed that the order had been entered as required under Rule 37.3(d). *Robinson v. State*,

---

[1]Petitioner was represented in the Rule 37.1 proceeding by an attorney, but counsel was relieved after the order was entered and before petitioner filed his notice of appeal.



2013 Ark. 46 (per curiam).

On appeal from the order, appellant first argues that the trial court erred by denying Rule 37.1 relief without holding an evidentiary hearing and by adopting the law and reasoning contained in the State's response to the Rule 37.1 petition in its order. We find no error.

Arkansas Rule of Criminal Procedure 37.3 (2013) provides that an evidentiary hearing should be held in a postconviction proceeding unless the files and record of the case conclusively show that the petitioner is entitled to no relief. *Anthony v. State*, 2014 Ark. 195 (per curiam); *Lemaster v. State*, 2013 Ark. 449 (per curiam); *Eason v. State*, 2011 Ark. 352 (per curiam); *Hayes v. State*, 2011 Ark. 327, 383 S.W.3d 824 (per curiam). When it denies a Rule 37.1 petition without an evidentiary hearing, the trial court "shall make written findings to that effect, specifying any parts of the files, or records that are relied upon to sustain the court's findings." Ark. R. Crim. P. 37.3(a); *see Eason*, 2011 Ark. 352; *Montgomery v. State*, 2011 Ark. 462, 385 S.W.3d 189 ("[W]here no hearing is held on a Rule 37 petition, the trial court has an obligation to provide written findings that conclusively show that the petitioner is entitled to no relief."). Here, the trial court's order adopted the law and reasoning for denying the petition that were contained in the State's detailed response to the petition. As the response covered the issues raised in the petition, and this court may affirm the denial of a Rule 37.1 petition, regardless of the adequacy of the order, if we can determine from the record that the petition was wholly without merit or when the allegations in the petition are such that it is conclusive on the face of the petition that no relief is warranted, we find that the order was adequate. *See Anthony*, 2014 Ark. 195; *see also Lemaster*, 2013 Ark. 449; *Montgomery*, 2011 Ark. 462, 385 S.W.3d 189. From a

SLIP OPINION

review of the order, the State's response, the record, and the briefs filed in this appeal, appellant has not demonstrated that the trial court erred in denying the petition or in doing so without holding a hearing.

All the claims for relief contained in the Rule 37.1 petition were allegations that appellant did not have effective assistance of counsel at trial. This court has held that it will reverse the trial court's decision granting or denying postconviction relief only when that decision is clearly erroneous. *Conley v. State*, 2014 Ark. 172, ___ S.W.3d ___. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Sartin v. State*, 2012 Ark. 155, 400 S.W.3d 694.

When considering an appeal from a trial court's denial of a Rule 37.1 petition based on ineffective assistance of counsel, the sole question presented is whether, based on a totality of the evidence under the standard set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), the trial court clearly erred in holding that counsel's performance was not ineffective. *Taylor v. State*, 2013 Ark. 146, 427 S.W.3d 29.

The benchmark for judging a claim of ineffective assistance of counsel must be "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686. Pursuant to *Strickland*, we assess the effectiveness of counsel under a two-prong standard. First, a petitioner raising a claim of ineffective assistance must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment

to the United States Constitution. *Williams v. State*, 369 Ark. 104, 251 S.W.3d 290 (2007). A petitioner making an ineffective-assistance-of-counsel claim must show that his counsel's performance fell below an objective standard of reasonableness. *Abernathy v. State*, 2012 Ark. 59, 386 S.W.3d 477 (per curiam). There is a strong presumption that trial counsel's conduct falls within the wide range of professional assistance, and an appellant has the burden of overcoming this presumption by identifying specific acts or omissions of trial counsel, which, when viewed from counsel's perspective at the time of the trial, could not have been the result of reasonable professional judgment. *Henington v. State*, 2012 Ark. 181, 403 S.W.3d 55; *McCraney v. State*, 2010 Ark. 96, 360 S.W.3d 144 (per curiam). Second, the petitioner must show that counsel's deficient performance so prejudiced petitioner's defense that he was deprived of a fair trial. *Holloway v. State*, 2013 Ark. 140, 426 S.W.3d 462. The petitioner must show that there is a reasonable probability that, but for counsel's errors, the fact-finder would have had a reasonable doubt respecting guilt, i.e., the decision reached would have been different absent the errors. *Breeden v. State*, 2014 Ark. 159, ___ S.W.3d ___ (per curiam). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.* The language, "the outcome of the trial," refers not only to the finding of guilt or innocence, but also to possible prejudice in sentencing. *Id.* Unless a petitioner makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Id.* "[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697. As points for reversal of the order, appellant reiterates the claims raised

4

in the Rule 37.1 petition. Initially, he argues that counsel should have made a more effective motion for directed verdict that included pointing out that the State failed to offer forensic proof that appellant fired a weapon. Specifically, appellant contends that the motion for directed verdict, which was founded on the argument that there was no credible evidence that appellant was the shooter, should also have included the fact that appellant's fingerprints were not on the bullets or the shell casings and that no test existed that could show that appellant was the assailant in the case.

When it is asserted that counsel was ineffective for the failure to make a motion or argument, the petitioner must show that the motion or argument would have been meritorious because the failure to make an argument that is meritless is not ineffective assistance of counsel. *Conley*, 2014 Ark. 172, ___ S.W.3d ___ (citing *Mitchell v. State*, 2012 Ark. 242.). The victims, Michael Walker and Eric Washington, testified at trial that they were sitting in a car when appellant and Jeff Traylor arrived in another car. Shots were fired at the victims, and both victims sustained multiple gunshot wounds. Both men identified appellant as having shot them. Jeff Traylor also testified for the State that he was present when the shooting occurred but did not participate in it. A witness for the defense testified that he saw Traylor shoot at the victims but did not see appellant shooting.

Here, the victims identified appellant as the assailant, and their credibility was a matter for the jury to assess. *Green v. State*, 2013 Ark. 497, ___ S.W.3d ___. It is evident from the verdict that the jury accepted the victims' account of the incident as being more credible than the evidence adduced by the defense. In light of the victims' identification of appellant, it

cannot be said that a motion for directed verdict based on the failure of the State to produce proof of appellant's fingerprints on the bullets and the shell casings or based on the lack of a forensic test tying appellant to the shootings would have produced a favorable ruling on a motion for directed verdict. Appellant did not meet the *Strickland* standard for establishing ineffective assistance of counsel in that he did not show that counsel's conduct with respect to the motion for directed verdict so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.

Appellant next contends that counsel was remiss in not impeaching Jeff Traylor's testimony at trial. He alleges that, prior to trial, an unnamed investigator taped an interview with Traylor in which Traylor said that appellant was not with him when the shootings occurred. Appellant faults counsel for not procuring a tape of the interview and using it to impeach Traylor's testimony when Traylor said at trial that appellant was with him, and that he (Traylor) fired none of the shots.

The transcript lodged on direct appeal reflects that counsel for appellant questioned Traylor about a prior inconsistent statement that he had given to Peter Briggs, who identified himself as an investigator, in which Traylor said that appellant was not present with him when the shots were fired. Assuming that it is the statement to Briggs that appellant referred to in his petition, he has not shown that a tape was made; but, in any event, Traylor admitted at trial to having made the statement that was favorable to appellant's defense, explaining that appellant was his friend and that he had lied to the investigator to help his friend. Counsel also questioned Traylor at length on whether Traylor was changing his story in hopes of helping himself with

6

respect to charges that had been filed against him. In light of the examination of Traylor by the defense on his prior statement, appellant has not shown that counsel erred in not producing a tape of the statement, if one indeed existed.[2] Appellant did not allege that there would have been any information on the tape that was different than the information revealed in the questioning of Traylor. In light of counsel's examination of Traylor at trial, appellant failed to make a showing of prejudice with respect to the statement to the investigator.

Moreover, even if there was a tape of the interview, the manner of questioning Traylor could have been a mere matter of trial strategy. The questioning of a witness is largely a subjective issue about which seasoned advocates could disagree. An approach that may prove effective in one instance may fail entirely in another. Counsel is allowed great leeway in making strategic and tactical decisions. *Ellis v. State*, 2014 Ark. 24 (per curiam); *Leak v. State*, 2011 Ark. 353 (per curiam). We have repeatedly held that matters of trial strategy, even if the strategy proves improvident, are not grounds for granting postconviction relief. *Prater v. State*, 2012 Ark. 164, 402 S.W.3d 68; *Fretwell v. State*, 292 Ark. 96, 728 S.W.2d 180 (1987) (per curiam). Nevertheless, the decisions must be based on reasonable professional judgment. *Clarks v. State*, 2011 Ark. 296 (per curiam); *Leak*, 2011 Ark. 353. Here, appellant did not establish that either counsel's questioning of Traylor or counsel's failure to produce a tape of Traylor's statement was anything more than an issue of trial strategy that, considering the fact that Traylor admitted to having exonerated appellant in the statement, did not prove improvident. Clearly, appellant

---

[2]Counsel for appellant called Briggs as a witness and inquired about Traylor's statement to him, but the State objected that the statement was hearsay, and the objection was sustained.

did not show that the strategy was outside the bounds of reasonable professional judgment sufficient to undermine confidence in the outcome of the trial.

Appellant's next ground for reversal of the order is the claim that counsel was ineffective for failure to adequately support his motion for a continuance based on the State's failure to give timely notice that it intended to call "Mr. Harris" as a witness. He contends in his brief, as he did in the Rule 37.1 petition, that he "believes that further review and investigation will likely uncover supporting facts that have yet to be addressed."

On direct appeal, appellant argued that the trial court erred in denying the motion for continuance on the ground that counsel did not have the opportunity to investigate James Harris's criminal history. The court of appeals held that the defense was not prejudiced by the denial of the motion, noting that the trial court permitted appellant's attorney to examine Harris and learn that Harris's suspected criminal conviction did not show up in national crime databases because Harris was a juvenile when the offense was committed. Moreover, the defense elected to call Harris as a witness for the defense. The transcript of the trial lodged on direct appeal reflects that Harris testified that he did not see appellant shooting at the victims but that he did see Traylor doing so. The court of appeals concluded on direct appeal that the evidence provided by Harris was sufficiently exculpatory that it could not be said that any prejudice accrued to the defense by the denial of the motion for continuance.

Appellant also demonstrated no prejudice to the defense under the *Strickland* standard. The mere statement that more information, presumably about Harris's background, might have been uncovered had the motion for continuance been granted is speculative and not a ground

for postconviction relief. Harris's testimony was exculpatory to the defense, and speculation about what might have been uncovered does not support a determination that counsel was ineffective under *Strickland. See Anthony*, 2014 Ark. 195.

As his fourth point on appeal, appellant asserts that counsel was ineffective for "failing to offer support" for his request for a jury instruction on second-degree battery as a lesser-included offense and for not "federalizing" the issue to allow for subsequent review of the issue in a habeas-corpus proceeding in federal court. On direct appeal, appellant argued that the trial court's denial of his request for an instruction on second-degree battery as a lesser-included offense to first-degree battery was reversible error. The court of appeals held that there was no error because appellant's defense was that he did not shoot the victims, and there was no basis for an instruction on second-degree battery when appellant claimed he was entirely innocent. Appellant contended in the Rule 37.1 petition that counsel should have consulted with him before choosing innocence as a defense, but he did not explain what theory should have been adopted by the defense. Neither his mere suggestion that there might have been a better theory on which to base a defense or his bare statement that counsel could have made a better argument for second-degree battery as a lesser-included offense demonstrated that counsel erred in some specific way.

With respect to appellant's assertion that counsel had an obligation to "federalize" the request for jury instruction on second-degree battery, appellant offered no persuasive argument that counsel made some error at trial that deprived appellant of his right to effective assistance of counsel. The claim is entirely too vague to establish a ground for granting relief.

9

As his final point for reversal, appellant contends that counsel should have objected when the trial court ordered that appellant's sentences be served consecutively as recommended by the jury. Appellant raised the issue on direct appeal of whether the trial court erred by not exercising its discretion to consider imposing concurrent sentencing, but the court of appeals declined to address the issue as the issue was not preserved for appeal.[3]

While the jury here recommended consecutive sentencing, whether a sentence is ordered to run consecutively or concurrently is a matter entirely within the province and discretion of the circuit court. *Walton v. State*, 2013 Ark. 265 (per curiam). Appellant's statement in the petition that counsel "unreasonably failed to object" to the consecutive sentencing is not a ground on which to grant postconviction relief because it is entirely devoid of any explanation of the factors on which an objection could have been based. When a petitioner under the Rule fails to explain what factual substantiation counsel could have advanced to the court in favor of a concurrent sentence, he has not established that counsel was ineffective. *Ewells v. State*, 2010 Ark. 407 (per curiam); *see also Polivka v. State*, 2010 Ark. 152, 362 S.W.3d 918 (per curiam).

After a thorough review of the matter, we do not find that appellant met his burden under *Strickland* of overcoming the presumption that counsel was effective. For that reason, appellant did not establish that the trial court's decision was clearly erroneous.

Affirmed.
*Ronald E. Robinson*, pro se appellant.

---

[3]Counsel for appellant filed a posttrial motion asking for reconsideration of the sentence on the sole ground that the court's decision that the sentences be served consecutively was too harsh. The record on direct appeal does not contain an order on the motion, indicating that it may have been deemed denied.



*Dustin McDaniel*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.