
# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR–15–741

ALI MARTIN MATAR, JR.
APPELLANT

V.

STATE OF ARKANSAS
APPELLEE

**Opinion Delivered** May 4, 2016

APPEAL FROM THE BENTON
COUNTY CIRCUIT COURT
[NO. 04CR-2014-777-2]

HONORABLE BRADLEY LEWIS
KARREN, JUDGE

AFFIRMED

## RITA W. GRUBER, Judge

Appellant Ali Martin Matar, Jr., was convicted by a jury of rape and sentenced to thirty-five years' imprisonment. The victim was a kindergarten student at the after-school program where appellant worked. He raises the following three points on appeal: (1) the trial court erred in denying his motions for directed verdict; (2) the trial court erred in denying his motion to suppress his confession; and (3) the trial court abused its discretion in denying his motion for a continuance. We hold that appellant did not preserve his first point for appellate review; that appellant was not in custody for purposes of *Miranda* and, thus, the trial court's denial of his motion to suppress was not clearly against the preponderance of the evidence; and that the trial court did not abuse its discretion in denying his motion for continuance. Accordingly, we affirm.

The Bentonville Police Department began an investigation regarding the sexual abuse of a child at the after-school program for R.E. Baker Elementary School after a call was made

to the Arkansas Child Abuse Hotline. The five-year-old victim was interviewed at the Children's Advocacy Center (CAC) and made allegations against appellant.

This interview prompted the lead investigator, Detective Dahrron Moss, to attempt to contact appellant. Detective Moss eventually left a voice message for appellant, who returned his call. Detective Moss explained that an allegation had been made against appellant and, though he was under no obligation, Detective Moss would like to speak with him at the police department. Appellant went to the police department where Detective Moss took him to a small interview room. After making small talk, Detective Moss began asking appellant about his job, the challenges of childcare, and, eventually, about his interactions with the victim. Appellant admitted that his fingers had been inside of her panties while they were in the computer lab but claimed that he was merely attempting to make her stop touching herself inappropriately. Appellant said that his fingertips "grazed" inside of her vagina when he was trying to get her fingers out of her panties.

At this point, Detective Moss took a break, consulted with other officers, and returned to the interview room. He read appellant his *Miranda* rights and asked him if he was willing to keep talking, to which appellant replied, "yes." Eventually, appellant admitted that he had put his hand in the victim's panties and "grazed" her vagina and that he had also put his finger in her vagina "out of curiosity."

Appellant was charged with rape under Arkansas Code Annotated section 5-14-103, which provides in pertinent part, that a person commits rape if he or she engages in sexual intercourse or deviate sexual activity with another person less than fourteen years of age. Ark.

Code Ann. § 5-14-103(a)(3)(A) (Repl. 2013). Deviate sexual activity includes any "act of sexual gratification" involving the penetration, however slight, of the labia majora of a person by any body member or foreign instrument manipulated by another person. Ark. Code Ann. § 5-14-101(1) (Repl. 2013).[1] After a trial held on January 27, 2015, the jury found him guilty and sentenced him to thirty-five years' imprisonment.

## I. *Sufficiency of the Evidence*

On appeal, appellant contends that the trial court erred in denying his motions for directed verdict because the evidence was insufficient to show that he engaged in deviate sexual activity or sexual intercourse with the minor victim.[2] Specifically, he states that, although the victim testified that he "tickled [her] on the inside of [her] private part" with his hand under her panties while they were in computer lab, testimony at trial established that he was never alone with the victim, that the victim had said that she liked him as a teacher, and appellant admitted the allegations to police in his confession only because he was "saying whatever they wanted" until he could prove everything at trial.

Because appellant did not raise these arguments to the trial court, we decline to reach the merits of this issue. Arkansas Rule of Criminal Procedure 33.1 requires a motion for directed verdict to specify how the evidence is deficient. Ark. R. Crim. P. 33.1(c) (2015).

---

[1]Appellant was also charged with two counts of second-degree sexual assault against two other victims but was found not guilty on both counts.

[2]Although appellant's brief enumerates this as his third point on appeal, we must consider it first due to the prohibitions against double jeopardy. *Briggs v. State*, 2015 Ark. App. 364, at 4, 465 S.W.3d 24, 27.

The motion must be specific enough to apprise the trial court of the particular basis on which the motion is made. *Scott v. State*, 2015 Ark. App. 504, at 4, 471 S.W.3d 236, 239. The reason underlying this rule is that, when specific grounds are stated and the proof is pinpointed, the trial court can either grant the motion or allow the State to reopen its case and supply the missing proof. *Id*. A further reason that the motion must be specific is that the appellate court may not decide an issue for the first time on appeal and cannot afford relief that is not first sought in the trial court. *Phillips v. State*, 361 Ark. 1, 203 S.W.3d 630 (2005). A party moving for directed verdict may not change his arguments on appeal and is limited to the scope and nature of his arguments made below. *Id*.

Here, appellant made motions for a directed verdict at the appropriate times during the trial, but in each instance, counsel's sole argument was that the State had put on no evidence that appellant received sexual gratification. Appellant is not making the same argument on appeal but argues instead that the case is a "simple misunderstanding of a person-to-person contact" and that appellant did not engage in deviate sexual activity with the victim. This argument is significantly different from, and broader than, the relatively narrow argument appellant made in the trial court. Therefore, appellant failed to preserve his sufficiency challenge for appellate review.

Were we to consider the merits of appellant's argument, we would affirm. A motion for a directed verdict is a challenge to the sufficiency of the evidence. *Cobb v. State*, 340 Ark. 240, 243, 12 S.W.3d 195, 197 (2000). The test for determining sufficiency of the evidence is whether there is substantial evidence, direct or circumstantial, to support the verdict.

*Johnson v. State*, 337 Ark. 196, 201, 987 S.W.2d 694, 697 (1999). Evidence is substantial if it is forceful enough to compel reasonable minds to reach a conclusion and pass beyond suspicion and conjecture. *Harmon v. State*, 340 Ark. 18, 22, 8 S.W.3d 472, 474 (2000). On appeal, we consider only the evidence that supports the verdict, viewing the evidence in the light most favorable to the State. *LeFever v. State*, 91 Ark. App. 86, 89, 208 S.W.3d 812, 815 (2005). Witness credibility is an issue for the fact-finder, who is free to believe all or a portion of any witness's testimony and whose duty it is to resolve questions of conflicting testimony and inconsistent evidence. *Id.*

In this case, the victim testified that appellant put his hand in her panties and tickled inside her private part. This testimony alone was sufficient to prove the crime of rape. *See Weber v. State*, 326 Ark. 564, 568, 933 S.W.2d 370, 372 (1996) (stating that the court had repeatedly held that the uncorroborated testimony of a child rape victim is sufficient evidence to sustain a conviction).

## II. *Motion to Suppress*

For his second point on appeal, appellant challenges the trial court's denial of his motion to suppress the statement he made to police. This court reviews a trial court's decision denying a defendant's motion to suppress a confession by making an independent determination based on the totality of the circumstances, and we will reverse the ruling only if it is clearly against the preponderance of the evidence. *Williamson v. State*, 2013 Ark. 347, 429 S.W.3d 250. Conflicts in testimony at a suppression hearing about the circumstances surrounding a defendant's in-custody statement are for the trial judge to resolve. *Fritts v.*

*State*, 2013 Ark. 505, at 7, 431 S.W.3d 227, 231.

The facts relevant to this issue are not in dispute and were presented at the suppression hearing. Detective Moss left a message for appellant to call him, which appellant did. Detective Moss explained that there was an investigation involving appellant and that Detective Moss would like for appellant to come to the police department to speak with him. Appellant voluntarily drove to the police station, where Detective Moss took him to an interview room. On the way to the room, Detective Moss explained to appellant how to get out of the station when he was leaving. Detective Moss did not arrest appellant, did not take his keys or cell phone, and did not handcuff or restrain appellant in any way. The door to the interview room automatically locks when the door closes. It is not clear whether appellant knew this at the time of the interview.

The two men began with small talk about sports. The conversation then turned to appellant's work and the specifics of the allegations. After appellant admitted that he had "accidentally" touched the victim inappropriately, Detective Moss took a break, spoke with fellow officers about additional techniques to elicit pertinent information from appellant, and returned to the interview room. He then read appellant his *Miranda* rights, and appellant signed the waiver-of-rights form. The audio revealed that, while Detective Moss was consulting his colleagues, he said that he "f★★★★★ up." Appellant argues that Detective Moss was referring to his failure to read appellant his rights earlier; Detective Moss claims that he was referring to his failure to obtain the necessary evidence against appellant. In any case, appellant continued talking with Detective Moss and another detective after he signed his

SLIP OPINION

waiver form, at which point he admitted that he had committed the act due to his curiosity.

The trial court found that appellant was not "in custody" before the *Miranda* warning was given and thus denied appellant's motion to suppress. The court reasoned that appellant returned Detective Moss's phone call, voluntarily drove to the police station for the interview, and was allowed to keep his keys and cell phone during the interview. Also, the court noted that Detective Moss testified that appellant would have been allowed to leave at any time.

*Miranda* warnings are required only in the context of a custodial interrogation. *Breeden v. State*, 2014 Ark. 159, at 7, 432 S.W.3d 618, 624. A person is in custody for purposes of *Miranda* warnings when he or she is "deprived of his freedom of action by formal arrest or restraint on freedom of movement of the degree associated with a formal arrest." *Solomon v. State*, 323 Ark. 178, 186, 913 S.W.2d 288, 292 (1996). *Miranda* warnings are not required simply because the questioning takes place in the police station or because the questioned person is one whom the police suspect. *See State v. Spencer*, 319 Ark. 454, 457, 892 S.W.2d 484, 485 (1995). In resolving the question of whether a suspect was in custody at a particular time, the only relevant inquiry is how a reasonable person in the suspect's shoes would have understood the situation. *Breeden*, 2014 Ark. 159, at 8, 432 S.W.3d at 625.

In *Oregon v. Mathiason*, 429 U.S. 492 (1977) (per curiam), the Supreme Court held that the defendant was not "in custody" where he agreed to meet the officer at the police station about the crime; he was not arrested; he went into a closed room with the officer; and he was advised, before he confessed to the crime, that the police believed he was involved

and that his fingerprints were found at the scene [which was false]. The Court reasoned as

follows:

> Such a noncustodial situation is not converted to one in which *Miranda* applies
> simply because a reviewing court concludes that, even in the absence of any formal
> arrest or restraint on freedom of movement, the questioning took place in a "coercive
> environment." Any interview of one suspected of a crime by a police officer will have
> coercive aspects to it, simply by virtue of the fact that the police officer is part of a law
> enforcement system which may ultimately cause the suspect to be charged with a
> crime. But police officers are not required to administer *Miranda* warnings to everyone
> whom they question. Nor is the requirement of warnings to be imposed simply
> because the questioning takes place in the station house, or because the questioned
> person is one whom the police suspect. *Miranda* warnings are required only where
> there has been such a restriction on a person's freedom as to render him "in custody."
> It was that sort of coercive environment to which *Miranda* by its terms was made
> applicable, and to which it is limited.

*Id*. at 495; *see also Breeden*, *supra* (holding defendant not in custody where he was asked to go

to the sheriff's office by his ex-wife, he arrived at the office of his own volition, and he was

told that he could leave any time); *Flanagan v. State*, 368 Ark. 143, 243 S.W.3d 866 (2006)

(holding defendant not in custody where she was asked, not ordered, to go to the police

station; she was not handcuffed; and she was described as very cooperative). We hold that

appellant was not "in custody," and we affirm the court's ruling denying appellant's motion

to suppress.

### III. *Motion for Continuance*

Finally, appellant argues that the trial court abused its discretion in denying his motion

to continue, resulting in prejudice that amounted to a denial of justice. Appellant filed a

motion for continuance on January 20, 2015, arguing that he did not have adequate time to

prepare because the State had provided two additional items of discovery "days before" the

jury trial: a follow-up CAC interview of another alleged victim; and transcripts of appellant's recorded jail phone calls. A trial court's grant or denial of a motion for continuance is reviewed under an abuse-of-discretion standard. *Creed v. State*, 372 Ark. 221, 223, 273 S.W.3d 494, 496 (2008). We will not reverse the trial court's denial of a motion for continuance unless the appellant demonstrates that the trial court abused its discretion and proves prejudice that amounts to a denial of justice. *Hill v. State*, 2015 Ark. App. 700, at 6–7, 478 S.W.3d 225, 230. When a motion for continuance is based on a lack of time to prepare, the appellate court considers the totality of the circumstances. *Mahomes v. State*, 2013 Ark. App. 215, at 7, 427 S.W.3d 123, 128.

We turn first to the CAC interview. This was a second interview of one of the other alleged victims for which appellant was charged with sexual assault.[3] The same victim's earlier interview had already been provided to appellant. Although the second interview took place on May 20, 2014, it was not provided to the State until January 15, 2015. The State gave appellant's counsel a tape of the interview immediately, on January 15, 2015. At the hearing on the motion for continuance, the parties agreed that both of these interviews were referenced in the probable-cause affidavit, which both parties had possessed for some time, and that the substance of those interviews, including direct quotes, was referenced in that affidavit. The court found that appellant had knowledge of the interview and of the substance of the interview from the probable-cause affidavit and from the police reports, had not exercised due diligence in obtaining the DVD of the interview that was readily available

---

[3] The jury found him not guilty of this charge.

months before, and was not prejudiced by having been provided the DVD almost two weeks before trial. In light of the fact that appellant already had knowledge of the DVD and knowledge of the substance of the interview in his possession, that the State turned over the DVD as soon as it received it, and that appellant received the DVD, not on the eve of trial but almost two weeks before trial, we hold that the trial court did not abuse its discretion in denying appellant's motion.

Appellant's counsel also argued that he did not have sufficient time to listen to the disc of all of the jail call logs. The State periodically provided counsel with CDs of calls made by appellant from the Benton County jail. The motion for continuance concerned a CD of calls made between November 12, 2014, and January 13, 2015, which was provided on January 13, 2015. The trial court found that the State had provided these call logs in a timely manner, that the calls were made by appellant, and that he knew that the calls had been recorded. Thus, the court found, appellant was not prejudiced. We hold that the trial court did not abuse its discretion, and we fail to see that appellant demonstrated prejudice that amounted to a denial of justice.

Affirmed.

GLOVER and BROWN, JJ., agree.

*Justin B. Hurst*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Evelyn D. Gomez*, Ass't Att'y Gen., for appellee.