Cite as 2025 Ark. App. 450

# ARKANSAS COURT OF APPEALS
DIVISION II
No. CR-24-722

GWENDOLYN SPENCER

APPELLANT

V.

STATE OF ARKANSAS

APPELLEE

Opinion Delivered October 1, 2025

APPEAL FROM THE JEFFERSON
COUNTY CIRCUIT COURT
[NO. 35CR-21-205]

HONORABLE ALEX GUYNN, JUDGE

AFFIRMED

## RAYMOND R. ABRAMSON, Judge

Gwendolyn Spencer appeals her conviction of first-degree murder. On appeal, Spencer argues that the circuit court erred by denying her motion to suppress her statements, by not instructing the jury on manslaughter, and by admitting into evidence a hotel receipt and a hotel security video. We affirm.

On April 13, 2021, the State filed a criminal information charging Spencer with the first-degree murder of her teenage son and a sentencing enhancement for employing a firearm. On May 22, 2024, Spencer moved to suppress statements she made without advice of an attorney in violation of her rights under the United States and Arkansas Constitutions.

On June 20, the court held a suppression hearing. Officer Ryan Moheb testified that he responded to Spencer's home in the early morning of March 27, 2021, and saw Spencer's son lying unresponsive in the carport. He explained that he then called dispatch for first

responders and checked the perimeter of the house. He testified that while securing the perimeter, Spencer arrived at the house, and he asked Spencer questions to determine what happened to her son. He testified that Spencer was not in custody at that time.

Detective Chris Wieland testified that he interviewed Spencer around 6:45 a.m. at the police station on March 27. He explained that he questioned Spencer in an interview room and that she was free to leave. He noted that "she took her own vehicle" to the station. He testified that he did not initially read *Miranda* rights to Spencer because he interviewed her as a witness, not a suspect. He explained that after about fifteen minutes, he became suspicious of Spencer and did not believe her story, so he left the room to retrieve a *Miranda*-rights form. He returned to the room and read the *Miranda* rights to her, and the interview continued until she requested an attorney. During Wieland's testimony, the State offered his recorded interview of Spencer.

At the conclusion of the hearing, the court denied Spencer's suppression motion. The court found that Spencer was not in custody when she made statements to Moheb and Wieland.

On July 9 and 10, 2024, the court held a jury trial. At trial, the evidence showed that Spencer's son died from a single gunshot wound to the chest at his home on March 27, 2021.[1] The State introduced Spencer's recorded interview with Wieland. Moheb also testified about what Spencer told him when she returned to her home. Spencer told Moheb

---

[1]Because Spencer does not challenge the sufficiency of the evidence, only a brief recitation of the facts is necessary. *Springs v. State*, 368 Ark. 256, 244 S.W.3d 683 (2006).

and Wieland that she saw her son collapse in their washroom and that she left the home to search for help.

Wieland also testified that during his investigation, he discovered reports that Spencer and her boyfriend, Antwon Holly,[2] had "some disturbances." Wieland stated that he then interviewed Holly and confirmed that Holly was at a hotel in North Little Rock from the night of March 26 through the morning of March 27, 2021. The State introduced Holly's hotel receipt and evidence of a hotel security video.

However, Spencer objected to the evidence about the hotel security video because Wieland had assisted the hotel manager in adjusting the video's timestamps. The court concluded that the jury could hear Detective Wieland's testimony about his adjustment of the timestamps. Spencer also objected to the receipt and video as hearsay, and the court overruled the objection.

At the conclusion of the trial, the jury found Spencer guilty of first-degree murder and employing a firearm to commit the murder, and she was sentenced to twenty-eight years' imprisonment for first-degree murder. No sentence was imposed for her commission of the offense by use of a firearm.

On appeal, Spencer first argues that the circuit court erred by denying her motion to suppress her statements to Moheb at her house and to Wieland during the interview at the

---

[2]The record indicates that Holly is not the victim's biological father, but Holly and Spencer have four younger children together.

police station. She claims that the officers interrogated her while she was in custody without giving her *Miranda* warnings.

This court reviews a circuit court's decision denying a defendant's motion to suppress by making an independent determination based on the totality of the circumstances, and we will reverse the ruling only if it is clearly against the preponderance of the evidence. *Williamson v. State*, 2013 Ark. 347, 429 S.W.3d 250.

*Miranda* warnings are required only in the context of a custodial interrogation. *Breeden v. State*, 2014 Ark. 159, 432 S.W.3d 618; *Matar v. State*, 2016 Ark. App. 243, 492 S.W.3d 106. A person is in custody for purposes of *Miranda* warnings when she is "deprived of [her] freedom of action by formal arrest or restraint on freedom of movement of the degree associated with a formal arrest." *Solomon v. State*, 323 Ark. 178, 913 S.W.2d 288 (1996). *Miranda* warnings are not required simply because the questioning takes place in the police station or because the questioned person is one whom the police suspect. *See State v. Spencer*, 319 Ark. 454, 892 S.W.2d 484 (1995). In resolving the question whether a suspect was in custody at a particular time, the only relevant inquiry is how a reasonable person in the suspect's shoes would have understood the situation. *See Breeden*, 2014 Ark. 159, 432 S.W.3d 618 (holding that defendant was not in custody where he was asked to go to the sheriff's office by his ex-wife, he arrived at the office of his own volition, and he was told that he could leave any time); *Flanagan v. State*, 368 Ark. 143, 243 S.W.3d 866 (2006) (holding that defendant was not in custody where she was asked, not ordered, to go to the police station; she was not handcuffed; and she was described as very cooperative).

4

In this case, we hold that the circuit court did not err in finding that Spencer was not in custody when she gave statements to Moheb and Wieland. Moheb questioned Spencer after she returned to her home while he secured the perimeter around her deceased son. Wieland stated that he initially questioned Spencer at the police station because she is the victim's mother and that Spencer was free to leave. He also stated that she took her own vehicle to the station. Moreover, when Wieland became suspicious of Spencer, he read *Miranda* warnings to her. Given these circumstances, we hold that the circuit court did not err in denying Spencer's motion to suppress.[3]

Spencer next argues that the circuit court abused its discretion by not instructing the jury on manslaughter. She argues that there was evidence that she hastily shot her son to protect herself.

Spencer's argument is without merit on the basis of our well-established skip rule. The skip rule provides that when an instruction on a lesser-included offense has been given, and the jury convicts on the greater offense, error resulting from the failure to give an instruction on another still lesser-included offense is cured. *Sims v. State*, 2015 Ark. 363, 472 S.W.3d 107. Here, the court instructed the jury on first- and second-degree murder, and the jury found Spencer guilty of first-degree murder. Because the jury returned a guilty verdict

---

[3]On this point, Spencer also argues that the circuit court erred by not suppressing "[a]ny statements allegedly made by the Appellant to one male [first name unknown] on Hutchinson was not suppressed." (Alteration in the original). However, Spencer does not explain what statement and to what person. The failure to develop an argument precludes review on appeal. *Davis v. State*, 375 Ark. 368, 291 S.W.3d 164 (2009).

on the greater offense of first-degree murder, Spencer cannot establish that prejudice resulted from counsel's failure to request an instruction on yet another lesser-included offense.

Spencer's final argument is that the circuit court abused its discretion by admitting the hotel receipt and evidence about the hotel security video. She asserts that the receipt and security video were not properly authenticated by a hotel agent as required by Arkansas Rule of Evidence 901(a), and she claims that she raised this evidentiary issue to the circuit court when she asserted that the video "hadn't been verified."

We disagree and find that Spencer's argument is not preserved for review. At trial, Spencer raised a hearsay objection and complained about the adjustment of the timestamps. She did not argue that the receipt and the security video were not properly authenticated by a hotel agent. Because Spencer did not raise the authentication argument below, we decline to address it on appeal. *Matlock v. State*, 2019 Ark. App. 470, 588 S.W.3d 152.[4]

Affirmed.

THYER and HIXSON, JJ., agree.

*Sharon Kiel*, for appellant.

*Tim Griffin*, Att'y Gen., by: *David L. Eanes, Jr.*, Ass't Att'y Gen., for appellee.

---

[4]We note that it is not clear from the record how much of the security video was played to the jury.