John J. HARDIN *v.* STATE of Arkansas

CR 02-85                                              86 S.W.3d 384

Supreme Court of Arkansas
Opinion delivered October 10, 2002

*Appellant*, pro se.

No response.

P ER CURIAM. In 1996, John J. Hardin was found guilty by a jury of rape and sentenced to 216 months' imprisonment. The court of appeals affirmed. *Hardin v. State*, CACR 97-265 (Ark. App. March 4, 1998). Hardin subsequently filed in the trial court a timely petition for postconviction relief pursuant to Criminal Procedure Rule 37 that was denied. We affirmed the trial court's order. *Hardin v. State*, CR 99-563 (May 10, 2001) (*per curiam*).

In October 2001, Hardin filed in the trial court a petition pursuant to Act 1780 of the 2001 Acts of Arkansas. The act amended Arkansas's state *habeas corpus* statute to provide that a writ could issue to any person "who has alleged actual innocence of the offense or offenses for which the person was convicted . . . . in accordance with § 16-112-201 *et seq.*" Ark. Code Ann. § 16-112-103(a)(1). Hardin claimed that the writ should be issued in his case because there was no conclusive scientific evidence adduced at his trial to prove that he was guilty of rape. The court denied the petition, and Hardin has lodged an appeal from that order here.[1] He now asks that counsel be appointed to represent him on appeal and that an extension of time be granted to file the appellant's brief.

Because it was recently enacted, this court has not had the opportunity to consider the constitutionality of the act, whether it conflicts with other postconviction remedies available to the convicted defendant, or otherwise to address the provisions of the statute. At this time, we address only whether appellant Hardin has demonstrated that he is entitled to appointment of counsel and conclude that he has not.

Act 1780 of 2001 provides for a postconviction challenge to a judgment of conviction. Like Criminal Procedure Rule 37.1, which is the primary vehicle for convicted defendants in Arkansas desiring to raise postconviction attacks on a judgment, it is civil in nature. Both the United States Supreme Court and this court have held that there is no constitutional right to an attorney in state postconviction proceedings. *Coleman v. Thompson*, 501 U.S. 722 (1991); *Hammon v. State*, 347 Ark. 267, 65 S.W.3d 853 (2002). We have further held that the right to counsel ends in this state after the direct appeal of the original judgment of conviction is completed, and the State is not obligated to provide counsel in postconviction proceedings. *Hammon, supra,*

---

[1] Because appellant's petition to the trial court was filed in his criminal case, the appeal from the order denying relief was assigned to this court's criminal docket.

*citing Fretwell v. State*, 290 Ark. 221, 718 S.W.2d 109 (1986) (*per curiam*).

We have said, however, that both the circuit court in which a postconviction pleading pursuant to Rule 37.1 was filed and this court have the discretion to appoint attorneys for indigent appellants in Rule 37.1 cases. On appeal, the exercise of this discretion depends on whether the *pro se* appellant makes a substantial showing that the appeal has merit and that he cannot proceed without appointment of counsel. *Virgin v. Lockhart*, 288 Ark. 92, 702 S.W.2d 9 (1986).[2] We hold today that the same showing must be made by appellants seeking appointment of counsel on appeal of an order denying relief pursuant to Act 1780.[3] As appellant has failed to meet this burden, the motion for appointment of counsel is denied.

The motion for extension of time to file the appellant's brief is granted. Appellant's brief will be due forty days from the date of this opinion.

Motion for appointment of counsel denied; motion for extension of time granted.

ARNOLD, C. J., not participating.

---

[2] This requirement that the *pro se* appellant in an appeal in a civil matter make a substantial showing of merit before being granted the relief sought has also been applied to motions to file a handwritten brief—*see Miner v. Furman*, 318 Ark. 883, 887 S.W.2d 310 (1994); *Glick v. Lockhart*, 288 Ark. 417, 706 S.W.2d 178 (1986); *Howard v. Lockhart*, 300 Ark. 144, 777 S.W.2d 223 (1989); *Hayes v. Lockhart*, 288 Ark. 419, 706 S.W.2d 179 (1986)—and to motions for duplication of the appellant's brief at public expense. *See Maxie v. Gaines*, 317 Ark. 229, 876 S.W.2d 572 (1994).

[3] Pursuant to Section 10 of Act 1780, now codified at Ark. Code Ann. §16-112-207(a)(1), "[a] person financially unable to obtain counsel who desires to pursue the remedy provided in this subchapter *may* apply for representation by the Arkansas Public Defender Commission or appointed private attorneys." (Emphasis added).