Efrain VIVEROS *v.* STATE of Arkansas

CR 07-1229                                    277 S.W.3d 223

Supreme Court of Arkansas
Opinion delivered February 21, 2008

*Efrain Viveros*, pro se, for appellant.

No response.

PER CURIAM. A jury found appellant Efrain Viveros guilty of possession of methamphetamine with intent to deliver, possession of drug paraphernalia, and two counts of failure to appear and sentenced him to an aggregate term of 1,320 months' imprisonment. The Arkansas Court of Appeals affirmed the judgment. *Viveros v. State*, CACR 06-173 (Ark. App. 2007). Appellant timely filed in the trial court a pro se petition for postconviction relief under Ark. R. Crim. P. 37.1, which was denied. He has lodged an appeal of that order in this court, and has filed pro se motions in which he requests an extension of time in which to file his brief and the appointment of counsel to represent him in this appeal.

Appellant requests additional time to file his brief because he indicates that he has limited access to materials he requires for research as a result of his incarceration and because he has a number of motions pending. We note that the motions addressed in this opinion are the only motions currently pending before this court in this case. Appellant filed his motion for extension of time to file his brief prior to the date that his brief was due. The request for extension of time to file the appellant's brief, which is the first such request by appellant in this appeal, is granted. The appellant's brief is due here no later than thirty days from the date of this opinion.

In appellant's motion for counsel, he asserts that we should appoint counsel to promote fundamental fairness, because he has newly discovered evidence, because he cannot afford counsel, because he has been unable to obtain a copy of the record, because the issues are complex and he has limited time to access research materials, because justice would be served, and because the trial court should have appointed counsel to represent him. That appellant may have new evidence is not relevant to the issues on appeal of a Rule 37.1 proceeding. The fact that an appellant is indigent and unskilled, without more, does not provide a basis for appointing counsel.

There is no constitutional right to an attorney in state postconviction proceedings. *Hardin v. State*, 350 Ark. 299, 86 S.W.3d 384 (2002) (per curiam). Right to counsel ends in this state after the direct appeal of the original judgment of conviction is completed, and the State is not obligated to provide counsel in postconviction proceedings. *Id.* at 301, 86 S.W.3d at 385.

The trial court's authority to appoint counsel in proceedings under Ark. R. Crim. P. 37.3 is discretionary, and appellant provides no basis upon which we might determine that discretion was abused here. He seems to contend that because an interpreter was provided, he should also have been provided counsel. We are not persuaded by that argument.

Although an appellant is not entitled to counsel, this court has held that if an appellant makes a substantial showing that he is entitled to relief in a postconviction appeal and that he cannot proceed without counsel, we will appoint counsel. *See Howard v. Lockhart*, 300 Ark. 144, 777 S.W.2d 223 (1989) (per curiam). None of appellant's claims in his motion amount to a showing of merit.

Nor are we persuaded that counsel should be appointed simply because appellant has not been able to obtain a copy of the record in his case. Appellant appears to have had access to the record to prepare for the hearing on his Rule 37.1 petition, and has not requested this court to provide access to the record of his trial in this appeal. Appellant's motion for appointment of counsel is accordingly denied.

Motion for extension of time granted; motion for appointment of counsel denied.