
SLIP OPINION

Cite as 2014 Ark. 24

# SUPREME COURT OF ARKANSAS

No. CR-12-658

| | | |
|---|---|---|
| RICHARD ELLIS | | **Opinion Delivered** January 23, 2014 |
| | APPELLANT | PRO SE APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT AND MOTION TO FILE SUPPLEMENTAL PLEADING [60CR-09-1789] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE BARRY SIMS, JUDGE |
| | APPELLEE | |
| | | AFFIRMED; MOTION TO FILE SUPPLEMENTAL PLEADING DENIED. |

### PER CURIAM

In 2009, appellant Richard Ellis was found guilty by a jury of domestic battering in the first degree and sentenced as a habitual offender to 480 months' imprisonment. The Arkansas Court of Appeals affirmed. *Ellis v. State*, 2010 Ark. App. 710. Appellant subsequently filed in the trial court a timely, verified pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2009). The trial court denied the petition without a hearing, and appellant now brings this appeal. Our jurisdiction is pursuant to Rule 37 and Arkansas Supreme Court Rule 1-2(a)(8) (2013).

This court does not reverse a decision granting or denying postconviction relief unless the circuit court's findings are clearly erroneous. *Banks v. State*, 2013 Ark. 147. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Hickey v. State*, 2013 Ark. 237, ___ S.W.3d ___ (per curiam).

SLIP OPINION

On appeal, appellant first contends that the trial court erred by not appointing an attorney to represent him on his petition for postconviction relief. He has also filed a motion to file a supplemental pleading in which he reiterates his contention that counsel should have been appointed. The motion is denied as appellant has failed to show that he was entitled to appointment of an attorney.

Postconviction matters, such as Rule 37.1 petitions, are considered civil in nature, and there is no absolute right to appointment of counsel. *Walton v. State*, 2012 Ark. 269 (per curiam); *Noble v. State*, 2011 Ark. 200 (per curiam) (citing *Smith v. State*, 2010 Ark. 365 (per curiam)). Nevertheless, if an appellant makes a substantial showing that he is entitled to relief in a postconviction appeal and that he cannot proceed without counsel, we have held that we will appoint counsel to represent an appellant in a postconviction proceeding. *Walton*, 2012 Ark. 269. In order to demonstrate an abuse of discretion by the trial court in declining to appoint counsel, appellant therefore had to make some substantial showing in his request for counsel that his petition included a meritorious claim. *See Viveros v. State*, 372 Ark. 463, 277 S.W.3d 223 (2008) (per curiam). A review of the petition demonstrates that appellant did not make that showing.

Appellant next argues that his sentence should not have been enhanced on the basis that he was a habitual offender. The claim is not cognizable in a postconviction proceeding inasmuch as arguments of mere trial error that could have been addressed at trial, and, if appropriate, on the record on direct appeal are not a ground for relief under Rule 37.1. *Malone v. State*, 294 Ark. 127, 741 S.W.2d 246 (1987). Rule 37.1 is not a means to challenge the

SLIP OPINION

admissibility of evidence. *See Jackson v. State*, 2013 Ark. 19 (per curiam); *see also Watson v. State*, 2012 Ark. 27 (per curiam) (assertions of trial error, even those of constitutional dimension, must be raised at trial and on appeal); *Robertson v. State*, 2010 Ark. 300, 367 S.W.3d 538 (per curiam) (allegations of trial error that could have been raised at trial or on appeal may not be raised in Rule 37.1 proceedings).

Appellant's remaining issues concern the trial court's denial of several allegations contained in the Rule 37.1 petition that appellant was denied effective assistance of counsel. When deciding an issue of ineffective assistance of counsel, the sole question presented in an appeal from a circuit court's denial of a petition for postconviction relief under Rule 37.1 is whether, based on the totality of the evidence, the circuit court clearly erred in holding that counsel's performance was not ineffective under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Hickey*, 2013 Ark. 237. Under the two-prong *Strickland* test, a petitioner raising a claim of ineffective assistance of counsel must first show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment to the United States Constitution. *Id.* A petitioner making an ineffective-assistance-of-counsel claim must show that counsel's performance fell below an objective standard of reasonableness. *Dansby v. State*, 347 Ark. 674, 66 S.W.3d 585 (2002). In doing so, the claimant must overcome a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *State v. Harrison*, 2012 Ark. 198, 404 S.W.3d 830.

With respect to the second prong of the test, the petitioner must show that counsel's deficient performance so prejudiced petitioner's defense that he or she was deprived of a fair

SLIP OPINION

trial. *Holloway v. State*, 2013 Ark. 140, ___ S.W.3d ___. Such a showing requires that the petitioner demonstrate a reasonable probability that the fact-finder's decision would have been different absent counsel's errors. *Abernathy v. State*, 2012 Ark. 59, 386 S.W.3d 477 (per curiam). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.* The language, "the outcome of the trial," refers not only to the finding of guilt or innocence, but also to possible prejudice in sentencing. *Springs v. State*, 2012 Ark. 87, 387 S.W.3d 143. Unless a petitioner makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversarial process rendering the result unreliable. *Id.* There is no reason for a court deciding an ineffective-assistance-of-counsel claim to address both components of the *Strickland* standard if the appellant makes an insufficient showing on one of the prongs. *Id.* (citing *Strickland*, 466 U.S. at 697).

Appellant contends that his attorney was ineffective for failure to move for a directed verdict or a mistrial when witness Phillip Stoopes suggested that he feared that his life was in danger from appellant. Some familiarity with the facts of the case is necessary to understand the allegation.

The victim in appellant's case was his brother Kenneth whom appellant was accused of having struck in the head with a microwave oven, producing a life-threatening injury. Kenneth testified that he recognized appellant's voice when appellant entered his home before the attack. Stoopes testified that appellant had told him of his intention to beat up Kenneth, asked for Stoopes's assistance in moving Kenneth after the injury into a van to be moved to another location, and later admitted to him that he had struck Kenneth with the microwave and said he

SLIP OPINION

was not certain Kenneth was alive. Stoopes declined to assist appellant and called the police. Appellant countered that he was incapable of picking up the microwave and striking Kenneth with it.

On cross-examination, counsel for appellant asked Stoopes if he realized that appellant's life was at stake. Stoopes responded, "So is mine, so is mine. My life's at stake, too." Appellant asserts that counsel should have objected and also sought a mistrial because Stoopes's answer suggested that, if appellant were found not guilty or would soon get out of prison, appellant would murder Stoopes. He further contends that, had counsel objected at trial, the issue could have been argued successfully on appeal. The trial court found that counsel's questioning of Stoopes was merely a matter of trial strategy and tactics and that appellant did not demonstrate that a mistrial would have been warranted under the circumstances.

The manner of questioning a witness is largely a subjective issue about which seasoned advocates could disagree. An approach that may prove effective in one instance may fail entirely in another. Counsel is allowed great leeway in making strategic and tactical decisions. *Leak v. State*, 2011 Ark. 353 (per curiam). We have repeatedly held that matters of trial strategy, even if the strategy proves improvident, are not grounds for granting postconviction relief. *Prater v. State*, 2012 Ark. 164 , 402 S.W.3d 68; *Fretwell v. State*, 292 Ark. 96, 728 S.W.2d 180 (1987) (per curiam). Nevertheless, the decisions must be based on reasonable professional judgment. *Clarks v. State*, 2011 Ark. 296 (per curiam); *Leak*, 2011 Ark. 353. Here, appellant did not establish that either counsel's questioning of Stoopes or counsel's failure to ask for a mistrial when Stoopes responded as he did was anything more than an issue of trial strategy. Clearly, appellant did not

SLIP OPINION

show that the strategy was outside the bounds of reasonable professional judgment or that there was a ground for a mistrial, which is an extreme and drastic remedy to be resorted to only when there has been an error so prejudicial that justice cannot be served by continuing the trial. *See Green v. State*, 2013 Ark. 497, ___ S.W.3d ___.

Finally, appellant urges this court to reverse the trial court's order on the ground that his attorney and the State joined in misleading the jury on when he would be eligible for parole. As the question of the State's remarks to the jury was a matter to be addressed at trial, the allegation was cognizable under Rule 37.1 only as to whether counsel rendered effective assistance.

The trial court found that the State's arguments to the jury concerning parole eligibility were proper and that appellant failed to show that he was prejudiced by counsel's failure to object. On appeal, appellant does not offer an abstract of the portion of the trial where parole matters were mentioned. His claims, both in the Rule 37.1 petition and as argued in this appeal, are conclusory and do not state facts on which this court could find that the trial court erred. Conclusory statements in a petition or in a brief on appeal are insufficient to overcome the presumption that counsel was effective. *See Jordan v. State*, 2013 Ark. 469 (per curiam); *see also Wedgeworth v. State*, 2013 Ark. 119 (per curiam); *Crain v. State*, 2012 Ark. 412 (per curiam).

Affirmed; motion to file supplemental pleading denied.

*Richard Ellis*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Pamela Rumpz*, Ass't Att'y Gen., for appellee.