SLIP OPINION Cite as 2014 Ark. 345

# SUPREME COURT OF ARKANSAS

No. CR-13-214

|  |  |  |
|---|---|---|
| JOSEPH CHUNESTUDY | | **Opinion Delivered** September 4, 2014 |
| | APPELLANT | PRO SE APPEAL FROM THE GREENE COUNTY CIRCUIT COURT [NO. 28CR-09-608] |
| V. | | |
| | | HONORABLE RANDY F. PHILHOURS, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | <u>AFFIRMED</u>. |

## PER CURIAM

In 2011, appellant Joseph Chunestudy was found guilty by a jury of rape and sentenced to life imprisonment. We affirmed. *Chunestudy v. State*, 2012 Ark. 222, 408 S.W.3d 55.

Subsequently, appellant timely filed in the trial court a verified, pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2011). The trial court denied the petition after holding a hearing. Appellant brings this appeal.

In his petition, appellant alleged that he was not afforded effective assistance of counsel at trial. This court has held that it will reverse the trial court's decision granting or denying postconviction relief only when that decision is clearly erroneous. *Conley v. State*, 2014 Ark. 172, 433 S.W.3d 234. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Caery v. State*, 2014 Ark. 247 (per curiam); *Sartin v. State*, 2012 Ark. 155, 400 S.W.3d 694.

When considering an appeal from a trial court's denial of a Rule 37.1 petition based on

SLIP OPINION

ineffective assistance of counsel, the sole question presented is whether, based on a totality of the evidence under the standard set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), the trial court clearly erred in holding that counsel's performance was not ineffective. *Taylor v. State*, 2013 Ark. 146, 427 S.W.3d 29.

The benchmark for judging a claim of ineffective assistance of counsel must be "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686. Pursuant to *Strickland*, we assess the effectiveness of counsel under a two-prong standard. First, a petitioner raising a claim of ineffective assistance must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment to the United States Constitution. *Caery*, 2014 Ark. 247; *Williams v. State*, 369 Ark. 104, 251 S.W.3d 290 (2007). There is a strong presumption that trial counsel's conduct falls within the wide range of professional assistance, and an appellant has the burden of overcoming this presumption by identifying specific acts or omissions of trial counsel, which, when viewed from counsel's perspective at the time of the trial, could not have been the result of reasonable professional judgment. *Henington v. State*, 2012 Ark. 181, 403 S.W.3d 55; *McCraney v. State*, 2010 Ark. 96, 360 S.W.3d 144 (per curiam). Second, the petitioner must show that counsel's deficient performance so prejudiced petitioner's defense that he was deprived of a fair trial. *Holloway v. State*, 2013 Ark. 140, 426 S.W.3d 462. A petitioner making an ineffective-assistance-of-counsel claim must show that his counsel's performance fell below an objective standard of reasonableness. *Abernathy v. State*, 2012 Ark. 59, 386 S.W.3d 477 (per curiam). The petitioner

SLIP OPINION

must show that there is a reasonable probability that, but for counsel's errors, the fact-finder would have had a reasonable doubt respecting guilt, i.e., the decision reached would have been different absent the errors. *Breeden v. State*, 2014 Ark. 159, 432 S.W.3d 618 (per curiam). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.* The language, "the outcome of the trial," refers not only to the finding of guilt or innocence, but also to possible prejudice in sentencing. *Id.* Unless a petitioner makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Id.* "[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697.

To understand appellant's allegations in the Rule 37.1 petition and his arguments on appeal, a summary of the evidence adduced at trial is necessary. Criminal charges were filed against appellant in 2009, alleging that he had raped his minor daughter in Greene County, Arkansas, between March 1, 2003, and April 27, 2005. At trial, the State presented evidence, including the testimony of the victim, that she and appellant had engaged in an ongoing, long-term sexual relationship that included sexual intercourse. The relationship began when they lived in Oklahoma when the victim was eleven or twelve years old and continued after they had moved to Arkansas, including a stay in Greene County, when she was between the ages of fifteen and eighteen. Appellant later married his daughter when she reached eighteen, and they moved to Craighead County. The victim eventually moved back to Oklahoma where she disclosed the abuse to her former stepmother, leading to appellant's arrest. It was appellant's



defense at trial that no rape occurred in Greene County.

Appellant first argues on appeal that counsel was ineffective for failing to move for a motion for directed verdict at the close of all the evidence, which resulted in our declining to consider the issue of the sufficiency of the evidence on appeal. While this issue was not raised in the Rule 37.1 petition, it was raised at the hearing, and the trial court ruled on the issue. As the question was raised at the hearing and ruled on by the court, it is clear that the court constructively allowed appellant to amend his petition to bring up the issue. Accordingly, the issue can be raised in this appeal. *See Croft v. State*, 2010 Ark. 83 (per curiam).

Considering the totality of the evidence adduced at trial, we cannot say that the trial court erred in holding that counsel was not ineffective for not renewing the motion for directed verdict at the close of all the evidence. When it is asserted that counsel was ineffective for the failure to make a motion or argument, the petitioner must show that the motion or argument would have been meritorious because the failure to make an argument that is meritless is not ineffective assistance of counsel. *Conley*, 2014 Ark. 172, 433 S.W.3d 234 (citing *Mitchell v. State*, 2012 Ark. 242). For that reason, appellant must demonstrate that this court on appeal would have found that the evidence adduced at trial was insufficient to support a conviction and would have overturned his conviction for that reason. *Conley*, 2014 Ark. 172, 433 S.W.3d 234 (citing *Strain v. State*, 2012 Ark. 42, 394 S.W.3d 294). Because the trial court determined that no prejudice resulted from the failure to renew the directed-verdict motion, the appeal of that decision requires this court to review whether there was sufficient evidence to support the verdict.

A person commits rape if he or she engages in sexual intercourse or deviate sexual activity with another person who is less than eighteen years of age and the actor is the victim's guardian, *see* Ark. Code Ann. § 5-14-103(a)(4)(A)(i) (Repl. 2006), or step-grandparent, *see id.* § 5-14-103(a)(4)(A)(ii). A "guardian" is defined as "a parent, stepparent, legal guardian, legal custodian, foster parent, or any person who by virtue of a living arrangement is placed in an apparent position of power or authority over a minor." *Id.* § 5-14-101(3) (Repl. 2006). Here, there was evidence elicited at trial that appellant was the victim's biological daughter, that he engaged in sexual intercourse with the victim, and that the victim was less than eighteen years of age when the sexual intercourse occurred. The credibility of the witnesses who provided the testimony that proved the elements of the offense of rape was for the jury to assess. *Green v. State*, 2013 Ark. 497, 430 S.W.3d 729. When the totality of the evidence against appellant is taken into account, it establishes that the trial court was not clearly erroneous in its determination that a motion for directed verdict would not have been successful.

Appellant next contends that counsel failed to properly prepare for trial in that he did not call a witness to rebut the testimony of Lea Ann Vanaman, a witness for the State. Vanaman, a supervisor with the Crimes Against Children Division of the Arkansas State Police, testified about her part in the investigation of the allegations against appellant and about behavior typical in victims of child abuse. On cross-examination, counsel elicited from Vanaman that she had never interviewed appellant's daughter and that she obtained her information concerning his daughter's claims of abuse from reports that were called in to the "hotline" about which no action was taken because the victim was no longer a minor and it was not known that appellant



still had access to children.

In his Rule 37.1 petition, appellant alleged that counsel erred in not calling an expert witness to rebut Vanaman's testimony, but he did not state on what basis Vanaman's testimony could have been rebutted or explain what information a rebuttal witness would have imparted to the jury that would have made a difference to the outcome of the trial.[1]  At the hearing on the petition, counsel noted that he objected to Vanaman's being called as a witness, and the record on direct appeal reflects that counsel argued that Vanaman had no direct knowledge of the case. Counsel also testified that he brought out on cross-examination Vanaman's inability to offer any direct evidence concerning the charges against appellant.  Considering counsel's objection to Vanaman's testimony, and inasmuch as appellant did not support his allegation that counsel should have called a specific rebuttal witness with any facts in either the petition or in the evidentiary hearing to demonstrate how he was prejudiced, he failed to make a showing that counsel was ineffective.  *See Green v. State*, 2014 Ark. 284 (per curiam).

As his third argument on appeal, appellant contends that counsel failed to impeach the victim concerning her inconsistent statements and that he failed to recall her as a witness.  In his brief, appellant does not state which of the victim's statements he contends were inconsistent or otherwise advance any argument concerning how he was prejudiced.  In the petition filed below, he contended that the victim should have been recalled to "explore and exploit" her admissions concerning an unlawful breaking or entering and her allegations of pregnancies and

---

[1]Appellant raised additional claims concerning Vanaman's appearance as a witness that were entirely conclusory in nature and are not raised in this appeal.  Claims argued below but not on appeal are considered abandoned.  *Springs v. State*, 2012 Ark. 87, 387 S.W.3d 143.

miscarriages. He further asserted that an expert witness should have been called to impeach the victim's statements concerning pregnancies and miscarriages. At the evidentiary hearing, appellant questioned counsel about why medical doctors were not called to testify about the victim's allegations and why the victim was not cross-examined concerning a break-in at appellant's house. Because appellant did not state what specific evidence could have been elicited from a doctor concerning the victim's allegations of pregnancies and miscarriages or from the victim concerning the break-in, he failed to establish that counsel's decisions prejudiced the defense. Petitioner's claim about calling a doctor fails because he has not meet his burden of demonstrating a specific reason that a medical witness should have been called by explaining what evidence could have been elicited from that witness.

Likewise, with respect to the break-in, he did not show that questioning the victim would have elicited any specific information that would have been helpful to the defense. The general suggestion that calling a witness or asking a witness a particular question would have been beneficial to the defense is not sufficient to satisfy the second prong under *Strickland* because conclusory claims do not demonstrate that there was prejudice to the defense. It is not enough to allege prejudice, prejudice must be demonstrated with facts. *Stiggers v. State*, 2014 Ark. 184, 433 S.W.3d 252.

Appellant next contends that counsel failed to investigate his case because phone calls were counsel's only investigation and no subpoenas were issued. He names eight persons in his brief that counsel did not contact, but in his petition to the trial court, of those eight, he named only Ryan Gasaway. Appellant identified Gasaway in the petition as the victim's boyfriend and

a person who could corroborate other persons' accounts concerning the justification for the break-in of his house and the victim's proclivity for lying for pecuniary gain. As there was no factual substantiation in the petition to support the allegation that counsel was remiss in not investigating with respect to Gasaway, appellant failed to show that counsel prejudiced the defense by not investigating Gasaway as a potential witness. That is, he did not allege that Gasaway could have provided any specific information that would have affected the outcome of the trial.[2]

In his final argument in this appeal, appellant urges this court to overturn the trial court's order on the ground that the court failed to grant his motion for appointment of counsel and failed to provide him with a copy of the trial record for use in the evidentiary hearing. He cites *Martinez v. Ryan*, ___ U.S. ___, 132 S. Ct. 1309 (2012), as authority for the assertion that he was entitled to appointment of counsel to represent him in his first collateral challenge to the judgment of conviction.

Appellant's reliance on *Martinez* is misplaced. The *Martinez* Court held that, when state law requires a prisoner to use a collateral attack rather than a direct appeal to raise a claim that his trial attorney was not effective under the Sixth Amendment, the prisoner's failure to comply with state rules in bringing his collateral attack on the judgment will no longer bar a federal judge from granting habeas relief on that claim, if the prisoner had no attorney to represent him in the collateral proceeding or that attorney was ineffective and if the petition filed in the state court

---

[2]At the evidentiary hearing, appellant questioned counsel concerning counsel's decision not to call other persons to testify at trial, and the trial court ruled that counsel was not ineffective for failure to call the persons identified at the hearing. Appellant does not argue on appeal that the trial court erred with respect to that decision.

had a meritorious claim. In *Trevino v. Thaler*, ___ U.S. ___, 133 S. Ct. 1911 (2013), the Court extended its holding in *Martinez* to cases in which a state's procedural framework make it unlikely in a typical case that a defendant would have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal. *Trevino* clarified aspects of *Martinez*, but it did not require states to provide counsel to every petitioner in a collateral attack on a judgment. Accordingly, neither the ruling in *Martinez* nor the ruling in *Trevino* dictated that the trial court was required to appoint counsel for appellant.

We have held that, in order to demonstrate an abuse of discretion by the trial court in declining to appoint counsel, appellant must make some substantial showing in his request for counsel that his petition included a meritorious claim. *Ellis v. State*, 2014 Ark. 24 (per curiam); *see also Viveros v. State*, 372 Ark. 463, 277 S.W.3d 223 (2008) (per curiam). A review of the Rule 37.1 petition demonstrates that appellant did not make that showing. The claims raised by appellant were largely devoid of the factual support required for the trial court to find that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment. While appellant contends that he was "severely handicapped" by his lack of counsel, he does not argue in his brief that there was any specific issue that he was unable to raise to the court without the assistance of an attorney or a copy of the transcript of his trial.

Under the *Strickland* standard, as stated, appellant was required to show that there is a reasonable probability that, but for counsel's errors, the fact-finder would have had a reasonable doubt respecting guilt, i.e., the decision reached would have been different absent the errors.

*Breeden*, 2014 Ark. 159, 432 S.W.3d 618. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.* Here, appellant's daughter testified that she had sexual relations with appellant two to four times a week while living in Greene County.[3] A police investigator testified that appellant admitted to him that he had had sex with the victim during 2008 but, during questioning, either declined to state whether he had engaged in sexual relations with her while she was a minor or denied doing so. A co-worker of the victim who was called by the State testified that appellant identified the victim at one point as being his wife when the victim was seen speaking with some young men. There was also evidence that appellant, who was determined by DNA testing to be the victim's biological father, later married the victim. In light of the conclusory nature of allegations contained in the Rule 37.1 petition and in the evidentiary hearing, appellant failed to overcome the strong presumption that trial counsel's conduct fell within the wide range of professional assistance as defined by *Strickland*. Appellant did not demonstrate that counsel's deficient performance so prejudiced appellant's defense that he was deprived of a fair trial. The totality of the evidence, coupled with appellant's failure to establish specific acts by counsel that prejudiced the defense, establishes that the trial court did not err in declining to grant relief under Rule 37.1.

Affirmed.

*Joseph Chunestudy*, pro se appellant.
*Dustin McDaniel*, Att'y Gen., by: *Valerie Glover Fortner*, Ass't Att'y Gen., for appellee.

---

[3]There was also testimony at trial that appellant had engaged in sexual relations with the victim both before and after the two lived in Greene County. Counsel objected unsuccessfully to the admission of the evidence and argued on appeal that the admission of the evidence was error. We held on appeal that the evidence was admissible pursuant to Arkansas Rule of Evidence 404(b) (2013) under the "pedophile exception" as it was helpful in showing a proclivity for a specific act with a person or class of persons with whom the defendant has an intimate relationship and that the victim in this case fell squarely under the exception. *Chunestudy*, 2012 Ark. 222, at 228, 408 S.W.3d at 60.