

# SUPREME COURT OF ARKANSAS

No. CR-13-1135

| | | |
|---|---|---|
| | | Opinion Delivered November 6, 2014 |
| JAMES E. McNICHOLS | APPELLANT | PRO SE APPEAL FROM THE LONOKE COUNTY CIRCUIT COURT [NO. 43CR-07-238] |
| V. | | |
| | | HONORABLE BARBARA ELMORE, JUDGE |
| STATE OF ARKANSAS | APPELLEE | AFFIRMED. |

## PER CURIAM

In 2007, appellant James E. McNichols was found guilty by a jury of two counts of raping his seven-year-old step daughter. He was sentenced to serve an aggregate sentence of 240 months' imprisonment. The Arkansas Court of Appeals affirmed. *McNichols v. State*, CR-07-1285 (Ark. App. Jun. 18, 2008) (unpublished) (original docket no. CACR 07-1285).

After the mandate in the case issued on November 13, 2008, appellant timely filed in the trial court a verified pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2007).[1] Appellant retained an attorney to represent him in the Rule 37.1 proceeding, and a hearing was held on the petition in 2013. On September 11, 2013, the trial court entered an order dismissing the petition. Counsel for appellant perfected the appeal to this court, and appellant subsequently filed pro se motions seeking to have counsel relieved

---

[1]The record in this appeal contains an amended Rule 37.1 petition that is not file marked and which is also not signed or verified in accordance with Rule 37.1(c). Appellant's counsel at the hearing held on the original petition acknowledged that the amended petition could not be considered as it was not signed or verified, and it was not considered by the court.

and for an extension of time to file a pro se brief. The motion to relieve counsel was granted

and a new briefing schedule was set. The appeal is now before us.[2]

Appellant initially argues that the trial court erred in denying relief on two allegations of

ineffective assistance of counsel. This court has held that it will reverse the trial court's decision

granting or denying postconviction relief only when that decision is clearly erroneous. *Conley v.*

*State*, 2014 Ark. 172, 433 S.W.3d 234. A finding is clearly erroneous when, although there is

evidence to support it, the appellate court, after reviewing the entire evidence, is left with the

definite and firm conviction that a mistake has been committed. *Caery v. State*, 2014 Ark. 247

(per curiam); *Sartin v. State*, 2012 Ark. 155, 400 S.W.3d 694.

When considering an appeal from a trial court's denial of a Rule 37.1 petition based on

ineffective assistance of counsel, the sole question presented is whether, based on a totality of

the evidence under the standard set forth by the United States Supreme Court in *Strickland v.*

*Washington*, 466 U.S. 668 (1984), the trial court clearly erred in holding that counsel's

performance was not ineffective. *Taylor v. State*, 2013 Ark. 146, 427 S.W.3d 29.

The benchmark for judging a claim of ineffective assistance of counsel must be "whether

counsel's conduct so undermined the proper functioning of the adversarial process that the trial

cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686. Pursuant to

*Strickland*, we assess the effectiveness of counsel under a two-prong standard. First, a petitioner

raising a claim of ineffective assistance must show that counsel made errors so serious that

---

[2]Any allegations for postconviction relief that were contained in the Rule 37.1 petition or addressed at the hearing that are not included in appellant's brief in this appeal are considered abandoned. *Springs v. State*, 2012 Ark. 87, 387 S.W.3d 143.

SLIP OPINION

SLIP OPINION

counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment to the United States Constitution. *Caery*, 2014 Ark. 247; *Williams v. State*, 369 Ark. 104, 251 S.W.3d 290 (2007). There is a strong presumption that trial counsel's conduct falls within the wide range of professional assistance, and an appellant has the burden of overcoming this presumption by identifying specific acts or omissions of trial counsel, which, when viewed from counsel's perspective at the time of the trial, could not have been the result of reasonable professional judgment. *Henington v. State*, 2012 Ark. 181, 403 S.W.3d 55; *McCraney v. State*, 2010 Ark. 96, 360 S.W.3d 144 (per curiam). Second, the petitioner must show that counsel's deficient performance so prejudiced petitioner's defense that he was deprived of a fair trial. *Holloway v. State*, 2013 Ark. 140, 426 S.W.3d 462. A petitioner making an ineffective-assistance-of-counsel claim must show that his counsel's performance fell below an objective standard of reasonableness. *Abernathy v. State*, 2012 Ark. 59, 386 S.W.3d 477 (per curiam). The petitioner must show that there is a reasonable probability that, but for counsel's errors, the fact-finder would have had a reasonable doubt respecting guilt, i.e., the decision reached would have been different absent the errors. *Breeden v. State*, 2014 Ark. 159, 432 S.W.3d 618 (per curiam). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.* The language, "the outcome of the trial," refers not only to the finding of guilt or innocence, but also to possible prejudice in sentencing. *Id.* Unless a petitioner makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Id.* "[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant

makes an insufficient showing on one." *Strickland*, 466 U.S. at 697.

Appellant's first claim of error in the trial court's order concerns his allegation that his trial counsel failed to procure and question witnesses. He states that he provided counsel with a list of potential witnesses, but counsel failed to contact them before trial. He further states that three potential witnesses were present at trial, but counsel did not question them or call them to testify. Appellant contends that the witnesses were aware of a number of facts that would have helped the defense if the jury had heard the information.

At the evidentiary hearing, appellant said that the witnesses on the list were mainly character witnesses, but his mother and his mother-in-law could have testified at trial that the victim had been in trouble at school for lying. He also testified that his wife was present at trial, but he acknowledged that she would not have agreed to testify because she was "tied to the case" and that she would have invoked her Fifth Amendment right to decline to incriminate herself.[3] In his brief in this appeal, appellant argues in general terms that the witnesses on the list could have aided the defense, but none of the persons on the list was called by appellant to testify at the hearing as to what information they could have provided if called as trial witnesses.

We cannot say that the trial court erred in declining to grant postconviction relief on appellant's allegation concerning counsel's failure to question the witnesses on the list.[4] At most,

---

[3]At appellant's trial, counsel for appellant informed the court that he had intended to call the victim's mother to testify, but she had declined to do so on advice of her attorney.

[4]Appellant argued on direct appeal that the trial court abused its discretion in denying a pro se motion made by appellant for a continuance to retain private counsel. The motion was based in part on the claim that counsel had not contacted the persons on appellant's list of potential witnesses. The court of appeals found no reversible error, noting that counsel disputed at trial the allegation that he was unprepared and that there was no explanation of what

4

with the exception of naming his mother and his mother-in-law as witnesses who could have testified that the victim had been in trouble at school for lying, appellant in his petition and at the hearing offered only a general summary of information that the witnesses collectively could have provided. He did not state what information could have been provided by a particular witness, and he did not provide sufficient details about what a particular witness would have said if called to testify to determine if any of the witnesses could have given admissible evidence. We have held that the general suggestion that calling a witness would have been beneficial to the defense is not sufficient to satisfy the second prong under *Strickland* because conclusory claims do not demonstrate that there was prejudice to the defense. *Chunestudy v. State*, 2014 Ark. 345, 438 S.W.3d 923 (per curiam). It is not enough to allege prejudice, prejudice must be demonstrated with facts. *Stiggers v. State*, 2014 Ark. 184, 433 S.W.3d 252. Appellant fell short of showing that there was a specific witness on the list who could have offered specific admissible testimony of benefit to the defense.

Even considering appellant's reference to his mother and his mother-in-law as persons who knew of the victim's having lied before, the allegation was not sufficient to establish that their testimony would have been admissible or that the defense was prejudiced to the degree that the outcome of the trial would have been different had either been called to testify. This court has held that a petitioner under the Rule must establish that there was a reasonable probability that, had counsel performed further investigation and presented a particular witness, the outcome of the trial would have been different. *See Wertz v. State*, 2014 Ark. 240, 434 S.W.3d

---

information the unnamed additional witnesses sought by appellant could have provided.

895. At the Rule 37 hearing, appellant did not call any of the witnesses on his list or submit affidavits with their testimony. As a result, he did not show that counsel was remiss. *Wertz*, 2014 Ark. 240, 434 S.W.3d 895.

Appellant next asserts that counsel was ineffective in that he failed to cross-examine the State's witnesses. The trial court found that counsel did cross-examine the State witnesses, even if counsel did not ask the questions that appellant referred to in his petition. While the claims in the petition did not clearly specify what questions should have been asked to which of the State's witnesses, appellant at the hearing specified that the victim should have been questioned about anal penetration and a prior admission by the victim contained in a document, which was introduced as an exhibit at the hearing, that there had been no such penetration. Appellant also introduced as an exhibit at the hearing a second document in which the biological father of the victim is recorded as having said that he did not know if the victim's claims were true.[5] It was not made clear at the hearing which witness appellant was contending should have been questioned concerning the second document. Moreover, there was no showing that either document would have been admissible or that admissible evidence could otherwise have been gleaned from the documents and used to question a particular witness. The allegation that counsel was ineffective for failure to call and question a witness does not meet the *Strickland* standard for a finding of ineffective assistance of counsel without a showing by the petitioner that the witness would have presented admissible testimony. *See Croy v. State*, 2011 Ark. 284, 383

---

[5]The victim's father testified at appellant's trial on cross-examination that his daughter had not said anything to him about the allegations of sexual abuse, that she had expressed the desire for him and her mother to get back together, and that she had not seemed nervous or agitated when she was with him.



S.W.3d 367 (per curiam).

Moreover, with respect to the *specific* claim that counsel should have utilized the information in the two documents, appellant, who did not raise the issue in his petition, was allowed to raise the issue at the hearing. Thus, the court constructively allowed appellant to amend his petition to bring up the issue of whether the documents should have been used to cross-examine the witnesses.[6] *See Chunestudy*, 2014 Ark. 345, 438 S.W.3d 923. The issue, however, cannot be raised in this appeal because there was no ruling in the order on the issue. The appellant has an obligation to obtain a ruling on an issue for the issue to be addressed on appeal. *See Watkins v. State*, 2010 Ark. 156, 362 S.W.3d 910 (per curiam).

There is one aspect to the proceeding in this case that is questionable, but it does not establish reversible error in the order. Trial counsel was not called as a witness for the State at the hearing because the court held that appellant had not presented evidence in the petition or at the hearing of sufficient strength to require the State to present witnesses at the hearing. Nevertheless, the court concluded, based on the court's familiarity with the trial record, that counsel's failure to question the witnesses "may have been trial tactics" and thus not a ground for relief under the Rule. The better course would have been for the State to call trial counsel to the stand at the hearing to explain his actions. We do not reverse the order, however, because the allegations raised by appellant were not specific enough and sufficiently supported by facts

---

[6]In his brief, appellant adds some additional facts and arguments not contained in the petition and not discussed at the evidentiary hearing. To the degree that those facts and arguments were intended to bolster the allegations contained in the petition or raised at the hearing, this court will not consider them for the first time on appeal. On appeal, an appellant is limited to the nature and scope of the specific arguments that he made below that were considered by the trial court in rendering its ruling. *Thornton v. State*, 2014 Ark. 113 (per curiam).

to show that counsel was remiss in not asking a particular witness a question or questions that should have been asked or that there was a basis in admissible evidence on which to cross-examine the victim or any other witness. Furthermore, we cannot say that the trial court erred in finding that the questioning of a witness may have been a question of trial strategy and tactics. Cross-examination of witnesses is a largely subjective issue about which seasoned advocates could disagree. *See Robinson v. State*, 2014 Ark. 310, 439 S.W.3d 32 (per curiam). As appellant's arguments concerning the cross-examination of witnesses at his trial were consistently unspecific, lacked factual substantiation sufficient to establish prejudice under the *Strickland* standard, and did not demonstrate that the documents or other potential evidence referred to at the hearing were admissible, appellant has not established reversal error in the order.

As his third argument for reversal of the order, appellant contends that there was prosecutorial misconduct at trial in the form of a misstatement of fact by the prosecutor. The trial court correctly held that the issue is not cognizable in a Rule 37.1 proceeding. This court has held that alleged prosecutorial misconduct is an issue that should be raised at trial and is not a claim that may be raised for the first time in a Rule 37.1 petition. *State v. Rainer*, 2014 Ark. 306, ___ S.W.3d ___.

In his final argument for reversal of the order, appellant argues that he was not afforded a fair and impartial hearing on his petition. Appellant states that he hired attorney Patrick Benca but later chose to be represented by attorney John Hall. He contends that Benca failed to properly file an amendment to his petition and that Hall did not represent him effectively in the Rule 37.1 proceeding because Hall was unprepared. Appellant urges this court to order a new

hearing so that all his claims may be fairly reviewed.

There is no requirement that a state provide counsel to represent a petitioner in a postconviction proceeding. *See Viveros v. State*, 372 Ark. 463, 277 S.W.3d 223 (2008); *see also Biggs State*, 2014 Ark. 114 (per curiam). Likewise, there is no absolute right to effective assistance of counsel in postconviction proceedings. *See Viveros*, 372 Ark. 463, 277 S.W.3d 223. The fact that appellant was dissatisfied with his attorney's representation in the Rule 37.1 proceeding is not in itself grounds to reverse the trial court's order and remand for a new hearing.

Affirmed.

*James E. McNichols*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.