SLIP OPINION

Cite as 2014 Ark. 323

# SUPREME COURT OF ARKANSAS

No. CR-13-167

|  |  |
|---|---|
| ANTONIO LAMONT SMITH | Opinion Delivered July 31, 2014 |
| APPELLANT | PRO SE APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT [NO. 60CR-10-1477] |
| V. |  |
|  | HONORABLE CHRISTOPHER CHARLES PIAZZA, JUDGE |
| STATE OF ARKANSAS |  |
| APPELLEE | AFFIRMED. |

## PER CURIAM

In 2011, appellant Antonio Lamont Smith was found guilty by a jury of murder in the first degree and possession of a firearm by a felon. He was sentenced as a habitual offender to an aggregate sentence of 780 months' imprisonment. Appellant appealed the judgment on the ground that the evidence was insufficient to show that he acted with purpose when he shot the victim. The Arkansas Court of Appeals affirmed. *Smith v. State*, 2012 Ark. App. 359.

Subsequently, appellant timely filed in the trial court a verified, pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2011). The trial court denied the petition after holding a hearing. Appellant brings this appeal.

In his petition, appellant alleged that he was not afforded effective assistance of counsel at trial. This court has held that it will reverse the trial court's decision granting or denying postconviction relief only when that decision is clearly erroneous. *Conley v. State*, 2014 Ark. 173, ___ S.W.3d ___. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm

SLIP OPINION

conviction that a mistake has been committed. *Caery v. State*, 2014 Ark. 247 (per curiam); *Sartin v. State*, 2012 Ark. 155, 400 S.W.3d 694.

When considering an appeal from a trial court's denial of a Rule 37.1 petition based on ineffective assistance of counsel, the sole question presented is whether, based on a totality of the evidence under the standard set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), the trial court clearly erred in holding that counsel's performance was not ineffective. *Taylor v. State*, 2013 Ark. 146, 427 S.W.3d 29.

The benchmark for judging a claim of ineffective assistance of counsel must be "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686. Pursuant to *Strickland*, we assess the effectiveness of counsel under a two-prong standard. First, a petitioner raising a claim of ineffective assistance must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment to the United States Constitution. *Caery*, 2014 Ark. 247; *Williams v. State*, 369 Ark. 104, 251 S.W.3d 290 (2007). There is a strong presumption that trial counsel's conduct falls within the wide range of professional assistance, and an appellant has the burden of overcoming this presumption by identifying specific acts or omissions of trial counsel, which, when viewed from counsel's perspective at the time of the trial, could not have been the result of reasonable professional judgment. *Henington v. State*, 2012 Ark. 181, 403 S.W.3d 55; *McCraney v. State*, 2010 Ark. 96, 360 S.W.3d 144 (per curiam). Second, the petitioner must show that counsel's deficient performance so prejudiced petitioner's defense that he was deprived of a fair trial. *Holloway v.*

SLIP OPINION

*State*, 2013 Ark. 140, 426 S.W.3d 462. A petitioner making an ineffective-assistance-of-counsel claim must show that his counsel's performance fell below an objective standard of reasonableness. *Abernathy v. State*, 2012 Ark. 59, 386 S.W.3d 477 (per curiam). The petitioner must show that there is a reasonable probability that, but for counsel's errors, the fact-finder would have had a reasonable doubt respecting guilt, i.e., the decision reached would have been different absent the errors. *Breeden v. State*, 2014 Ark. 159 (per curiam). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.* The language, "the outcome of the trial," refers not only to the finding of guilt or innocence, but also to possible prejudice in sentencing. *Id.* Unless a petitioner makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Id.* "[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697.

Testimony at trial established that on March 12, 2010, appellant was with Kisma Gary and Cizano Jones and that they drank alcohol and smoked marijuana during the day. At some point, the three were joined by Clarence Hayes with whom they drove to buy some "sherm," which, according to one witness, is marijuana laced with "PCP." The group smoked the substance, first in the car and then at Hayes's house. Gary testified that appellant was "wigging out" at Hayes's house, yelling, screaming, removing his clothes, and shouting that he wanted to have sex. She further testified that she feared that appellant intended to rape her and that he

pulled a gun and pointed it at her.[1] After appellant touched the gun to Gary's chest, she fled to her grandmother's house and then called Jones, who said that everything had calmed down. Shortly thereafter, appellant and Hayes drove to Gary's location. From remarks by Hayes and appellant, Gary surmised that appellant had shot Jones.

The forensic evidence showed that Jones had been shot three times, that the bullets were fired downward, and that the fatal shot was to the forehead. Hayes's neighbor testified that he heard one gunshot and then another thirty-five to forty seconds later.

Leroy Vance, who shared a jail cell with appellant after the shooting, testified that appellant had voiced several versions of the shooting in an effort to come up with a version that would be less incriminating, including one in which Hayes had pushed the victim Jones in front of the gunfire. Appellant testified at trial that he had shot the gun at the scene but contended that the victim was a close friend and that the victim's death was entirely inadvertent.

The issue of the sufficiency of the evidence was raised on direct appeal, and the court of appeals held that the evidence was sufficient to sustain the judgment. The court of appeals noted that the evidence that there were three gunshot wounds to the victim, at least two of which were fired some seconds apart, ran counter to appellant's account of the shooting as an accident. The appellate court further noted that appellant's romantic interest in Gary, coupled with appellant's efforts in jail to concoct a less incriminating version of events, also belied his testimony that the shooting was not intentional.

In his Rule 37.1 petition, appellant set out his allegations of ineffective assistance of

---

[1]Appellant was charged with the aggravated assault of Gary. The charge was tried with the first-degree murder charge, and appellant was found not guilty.

SLIP OPINION

counsel in the following six claims: (1) counsel failed to call Clarence Hayes who could have testified that the shooting was an accident; (2) counsel failed to investigate the shooting and prepare a defense that the shooting was accidental; (3) counsel prejudiced the defense by raising his character defects, stating that his educational level was eighth or ninth grade, and making a hand gesture circling his head suggesting that he was stupid or crazy; (4) counsel did not properly object to a video tape of him made after the shooting and did not argue that his demeanor in the video tape reflected that the shooting was accidental; (5) counsel erred in calling Mildred Johnson to "verify" an incident that had happened seven years before the shooting concerning appellant's drug use because the testimony prejudiced the defense; (6) counsel failed to raise the fact, and call a witness to support the fact, that the victim had been pushed in front of the gun.

With leave of the court, appellant was allowed to file an amendment to the Rule 37.1 petition. The first two claims in the amended petition cited to portions of the trial transcript that appellant contended contained examples of counsel's prejudicing him. The prejudice was alleged to have arisen from counsel's statements concerning a change in the theory of the defense and from counsel's remarks in the opening statement concerning remarks made by the State in its opening statement, which were not supported by fact. He further contended that counsel prejudiced the defense by bringing up appellant's drug use throughout the trial; by failing to present mitigating evidence at sentencing; by failing to retain an investigator to interview witnesses; by not bringing out conflicts in statements to police; and by failing to question Leroy Vance about a statement Vance had made to the police that was consistent with Hayes's statement that Hayes had taken the gun from appellant at some point.

Appellant first argues in his brief that the trial court failed to comply with Rule 37.3(a). Rule 37.3(c) provides that an evidentiary hearing should be held in postconviction proceedings unless the files and record of the case conclusively show that the prisoner is entitled to no relief. *See Eason v. State*, 2011 Ark. 352 (per curiam). Here, an evidentiary hearing was held.[2] While appellant contends that the hearing was unduly short, the trial court did not limit the issues to be covered at the hearing, and appellant was allowed to raise any questions he desired.

With respect to the assertion that the trial court failed to make the written findings required by the Rule, the claims contained in the petition were largely conclusory in nature and did not require extensive written findings. Appellant did not explain what mitigation evidence was available, what information the further interviewing of witnesses would have uncovered, or otherwise support his allegations with facts from which prejudice to the defense could be determined. Conclusory statements and allegations without factual substantiation are insufficient to overcome the presumption that counsel was effective, and such statements and allegations will not warrant granting postconviction relief. *Anthony v. State*, 2014 Ark. 195 (per curiam). Moreover, this court may affirm the denial of a Rule 37.1 petition, regardless of the adequacy of the order, if we can determine from the record that the petition was wholly without merit or when the allegations in the petition are such that it is conclusive on the face of the petition that no relief is warranted. *See Anthony*, 2014 Ark. 195; *see also Lemaster v. State*, 2013 Ark. 449 (per

---

[2]Appellant also contends in his brief that he was entitled to, but denied, appointment of counsel at the Rule 37.1 hearing. In order to demonstrate an abuse of discretion by the trial court in declining to appoint counsel, appellant was required to make a substantial showing in his request for counsel that his petition included a meritorious claim. *Ellis v. State*, 2014 Ark. 24 (per curiam) (citing *Viveros v. State*, 372 Ark. 463, 277 S.W.3d 223 (2008) (per curiam)). A review of the petition demonstrates that appellant did not make that showing.

SLIP OPINION

curiam); *Montgomery v. State*, 2011 Ark. 462, 385 S.W.3d 189. From a review of the order, the record, and the briefs filed in this appeal, appellant has not demonstrated that the trial court erred in denying the relief sought.

The crux of the allegations of ineffective assistance of counsel raised by appellant, and also argued in this appeal, is that trial counsel employed improvident trial strategy. Appellant faulted counsel to some degree in each allegation of ineffective assistance of counsel for not somehow establishing that the shooting was accidental. The allegations pertaining to counsel's failure to demonstrate that the shooting was an accident include the assertions that counsel prejudiced the jury by pointing out his lack of education, by suggesting with hand gestures circling his head that he was stupid or crazy, by not establishing that a video tape of him made after the shooting showed him in a state of shock rather than merely high on drugs, and by questioning witnesses about his current and past drug use. Appellant argues in each claim that counsel was wrong to focus on his mental condition as affected by drug use and other factors as an explanation for the shooting rather than showing that the shooting was accidental.

Counsel for appellant testified at the hearing that his approach to the trial revolved around the facts that the victim had been shot three times in a small room and that appellant admitted to having pulled the trigger. It was counsel's desire to demonstrate that everyone involved, including the victim, was high on drugs and thus cause the jury to conclude that appellant should be given a lenient sentence. Counsel explained that he did not call Clarence Hayes as a witness because Hayes had informed counsel that he would testify that appellant shot the victim from between one and two feet away, that appellant shot the victim on purpose, that

appellant had pointed the gun at Hayes, and that Hayes was hiding in the room in fear that appellant was going to shoot him. In the opening statement for the defense, counsel stated to the jury that appellant and the victim were good friends, that everyone in the room was impaired by drug use, and that the shots were fired around the room rather than simply at the victim. Counsel questioned appellant at trial on whether he intended to shoot the victim, and counsel also questioned appellant and other witnesses concerning appellant's lengthy friendship with the victim and appellant's lack of a propensity for violence. Counsel argued that appellant did not commit murder in the first degree and succeeded in having the jury instructed on lesser-included offenses.

Counsel is allowed great leeway in making strategic and tactical decisions. *Leak v. State*, 2011 Ark. 353 (per curiam). We have repeatedly held that matters of trial strategy, even if the strategy proves improvident, are not grounds for granting postconviction relief. *Prater v. State*, 2012 Ark. 164 , 402 S.W.3d 68; *Fretwell v. State*, 292 Ark. 96, 728 S.W.2d 180 (1987) (per curiam). Nevertheless, the decisions must be based on reasonable professional judgment. *Clarks v. State*, 2011 Ark. 296 (per curiam); *Leak*, 2011 Ark. 353. Here, it cannot be said that appellant established that counsel's decision to base the defense on appellant's altered state of mind occasioned by extreme drug use was anything more than an issue of trial strategy. Clearly, appellant did not show that the strategy was outside the bounds of reasonable professional judgment, particularly if the evidence adduced at trial is considered concerning appellant's admission to having shot the victim and the evidence concerning appellant's extreme behavior apparently brought on by the drug use.

With respect to appellant's assertion in his amended Rule 37.1 petition that counsel was remiss in not questioning Leroy Vance about a statement he had made to police concerning Hayes's having taken the gun from appellant at some point, the claim did not estabish that counsel was ineffective. Appellant contended that Vance's statement was the same as that of Clarence Hayes, and the jury should have been made aware that the statements were the same inasmuch as the verdict rested on the credibility of the prosecution's witnesses. The allegation does not satisfy the *Strickland* standard for establishing that counsel was ineffective because it does not demonstrate that there is a reasonable probability that, but for counsel's failure to question Vance about his statement, the fact-finder would have had a reasonable doubt respecting guilt, i.e., the decision reached would have been different absent the error. In light of the totality of the evidence, even if Vance and Hayes had made the same statement, the allegation is not sufficient to show that the outcome of the trial would have been different had the jury known about the statements.

In his brief, appellant adds to the allegation concerning Vance's statement a claim that private papers were illegally seized and that counsel should have investigated the seizure. He also raises for the first time the arguments that the State failed to disclose the video tape before trial and that counsel should have moved to sever the felon-in-possession-of-a-firearm charge. Neither the additional claims concerning Vance's statement nor the claims regarding the video tape and counsel's failure to move to sever the charge will be considered in this appeal. Because arguments raised for the first time on appeal could not have been considered by the trial court, such arguments will not be addressed by this court in its review of the trial court's order. *Dixon*

*v. State*, 2014 Ark. 97 (per curiam); *Green v. State*, 2013 Ark. 455 (per curiam); *Williams v. State*, 2013 Ark. 375 (per curiam).

Appellant's claims in the petition and the amended petition were not supported by facts sufficient to overcome the presumption that counsel's conduct was within the wide range of reasonable, acceptable professional assistance. As appellant did not meet his burden of demonstrating that counsel made specific errors that prejudiced the defense, the trial court did not err in declining to grant relief under Rule 37.1.

Affirmed.

*Antonio Lamont Smith*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Eileen W. Harrison*, Ass't Att'y Gen., for appellee.