Cite as 2020 Ark. App. 458

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR-19-823

| | |
|---|---|
| NOAH STEPHEN MCDANIEL<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered:** October 7, 2020<br><br>APPEAL FROM THE MADISON COUNTY CIRCUIT COURT [NO. 44CR-19-22]<br><br>HONORABLE MARK LINDSAY, JUDGE<br><br>REBRIEFING ORDERED; MOTION TO WITHDRAW DENIED |

## RAYMOND R. ABRAMSON, Judge

Noah Stephen McDaniel was convicted in the Madison County Circuit Court of three counts of first-degree terroristic threatening. He was sentenced to three consecutive terms of twelve years' imprisonment for terroristic threatening and three consecutive terms of two years' imprisonment for the enhancement of targeting a law enforcement officer, and he was fined $30,000.

McDaniel's attorney has filed a motion to be relieved as counsel pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4–3(k)(1) (2019) of the Arkansas Rules of the Supreme Court and Court of Appeals, alleging that an appeal is without merit. Counsel has also filed a no-merit brief purporting to list all rulings adverse to McDaniel and explaining why there is no argument that would support an appeal. The clerk of this court provided

McDaniel with a copy of counsel's brief and notified him of his right to file a pro se statement of points for reversal; he has declined to do so. The State did not file a response. Having reviewed the record, we find counsel's no-merit brief is not in compliance with the directives of *Anders* and Rule 4–3(k). Therefore, we order rebriefing and deny counsel's motion to withdraw.

A request to withdraw because the appeal is wholly without merit must be accompanied by a brief that contains a list of all rulings adverse to appellant and an explanation as to why each ruling is not a meritorious ground for reversal. Ark. Sup. Ct. R. 4–3(k)(1). If a no-merit brief fails to address all adverse rulings, it will be sent back for rebriefing. *Sartin v. State*, 2010 Ark. 16, 362 S.W.3d 877. The requirement for abstracting and briefing every adverse ruling ensures that the due-process concerns in *Anders* are met and prevents the unnecessary risk of a deficient *Anders* brief resulting in an incorrect decision on counsel's motion to withdraw. *Id*. A no-merit brief that fails to address an adverse ruling does not satisfy the requirements of Rule 4–3(k)(1), and rebriefing will be required. *Id*.

In his no-merit brief, counsel identified five adverse rulings, asserting there were no other issues of arguable merit. Our review of the record reveals otherwise. During a pretrial hearing held on May 6, 2019, the circuit court heard arguments regarding McDaniel's motion in limine to exclude evidence from the trial pursuant to Arkansas Rule of Evidence 404(b). Specifically, McDaniel sought to exclude testimony regarding his arrest for public intoxication. McDaniel argued that the details of his public intoxication arrest were not relevant to the charges of terroristic threatening, which occurred later that evening when appellant was in detention, and would be unfairly prejudicial and evidence of other bad acts.

McDaniel also argued that the probative value of the testimony did not outweigh the prejudicial effect. McDaniel's motion in limine further sought to exclude as irrelevant any evidence that he flooded his jail cell while detained, that he made statements about harming himself, that he was involved in fights with non-law enforcement officers earlier in the day, and of his previous convictions for public intoxication, except those that would be admissible as impeachment evidence.

The court found that because the charge of terroristic threatening required the State to prove McDaniel's state of mind, the acts that appellant sought to exclude were in fact admissible to prove motive, intent, preparation, plan, and absence of mistake. The court also ruled that although the evidence was prejudicial, the probative value outweighed the prejudicial effect. The court, therefore, denied McDaniel's motion in limine. Because the motion in limine was decided adversely to McDaniel, counsel is required to identify the ruling and explain whether it is a meritorious ground for reversal. Counsel failed to address the ruling in his brief, and rebriefing is therefore required.

The deficiency noted above may not be the only one, and we encourage counsel to review *Anders* and Supreme Court Rule 4-3(k) for the requirements of a no-merit brief. Counsel has fifteen days from the date of this opinion to file a substituted brief that complies with the rules. Ark. Sup. Ct. R. 4-2(b)(3). After counsel has filed the substituted brief, our clerk will forward counsel's motion and brief to McDaniel, and he will have thirty days within which to raise pro se points in accordance with Rule 4-3(k). The State will likewise be given an opportunity to file a responsive brief if pro se points are made.

Rebriefing ordered; motion to withdraw denied.

SWITZER and BROWN, JJ., agree.

*King Law Group PLLC*, by: *W. Whitfield Hyman*, for appellant.

One brief only.