Cite as 2021 Ark. App. 204

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CR-19-823

| | |
|---|---|
| NOAH STEPHEN MCDANIEL<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered:** May 5, 2021<br><br>APPEAL FROM THE MADISON COUNTY CIRCUIT COURT<br>[NO. 44CR-19-22]<br><br>HONORABLE MARK LINDSAY, JUDGE<br><br>REBRIEFING ORDERED; MOTION DENIED |

**RAYMOND R. ABRAMSON, Judge**

Noah Stephen McDaniel appeals his conviction of three counts of first-degree terroristic threatening and sentencing enhancements for targeting law enforcement officers and for being a habitual offender. He was sentenced to an aggregate term of 216 months' imprisonment and fined $30,000. This is the second time this no-merit appeal has been before this court. On October 7, 2020, we ordered rebriefing because appellate counsel failed to address an adverse ruling. *See McDaniel v. State*, 2020 Ark. App. 458. Appellate counsel has filed a second motion to be relieved as counsel and another brief ostensibly prepared pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(k)(1) (2019) of the Arkansas Rules of the Supreme Court and Court of Appeals. The clerk of this court provided McDaniel with a copy of counsel's brief and notified him of his right to file pro

se points for reversal; he has declined to do so. The State did not file a response. We again return the case to counsel for rebriefing because the requirements of *Anders* and Rule 4-3 have not been satisfied.

McDaniel was tried by a jury on May 6, 2019. The State presented evidence that McDaniel had threatened to kill three law enforcement officers who had arrested him. At the conclusion of the State's case, McDaniel moved for a directed verdict on the three counts of first-degree terroristic threatening. He argued that the State presented insufficient evidence that he acted with the purpose to fill the victims with intense fright. He pointed out that he had made the statements to third parties, not the victims, and that he was intoxicated and extremely agitated at the time. Further, on one count, he argued that the evidence was insufficient because he did not specifically name the victim.

McDaniel also moved for a directed verdict on the enhancements for targeting law enforcement officers and argued that the State failed to show that he had threatened the victims because they are law enforcement officers. The court denied his motion. After concluding his case, McDaniel renewed his directed-verdict motion.

In his no-merit brief, appellate counsel fails to discuss McDaniel's specific arguments from his directed-verdict motion for the terroristic-threatening charges. Additionally, counsel completely omits a discussion of the directed-verdict motion on the sentencing enhancements for targeting law enforcement officers.[1]

---

[1]Counsel includes a discussion concerning preservation of his directed-verdict motion. We note that as long as a specific basis is articulated for the original directed-verdict motion, a general renewal is sufficient to preserve the issue for appeal. *Durham v. State*, 320 Ark. 689, 899 S.W.2d 470 (1995); *Dale v. State*, 55 Ark. App. 184, 935 S.W.2d 274 (1996).

In our previous opinion, we cautioned counsel that our mention of a particular adverse ruling that was not addressed in the brief did not mean that there were no other adverse rulings that were omitted. *See McDaniel*, 2020 Ark. App. 458. We also advised counsel to thoroughly review *Anders* and Rule 4-3 concerning the requirements for submitting a no-merit brief. *Id.* We again raise all the aforementioned cautions. It is counsel's responsibility to comply with the requirements for submitting a no-merit brief. *See Weaver v. State*, 2012 Ark. App. 446. We further remind counsel that repeated failures to comply with the requirements for filing a no-merit brief outlined in *Anders* and Rule 4-3(k) will be referred to the Committee on Professional Conduct. We express no opinion as to whether the substituted brief should be submitted pursuant to Rule 4-3(k) or on meritorious grounds. Counsel has fifteen days from the date of this opinion to file a substituted brief.

Rebriefing ordered; motion denied.

HARRISON, C.J., and GRUBER, J., agree.

*King Law Group PLLC*, by: *W. Whitfield Hyman*, for appellant.

One brief only.