Cite as 2021 Ark. App. 340

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR-19-823

| | |
|---|---|
| NOAH STEPHEN MCDANIEL<br>APPELLANT | **Opinion Delivered** September 22, 2021 |
| | APPEAL FROM THE MADISON COUNTY CIRCUIT COURT [NO. 44CR-19-22] |
| V. | |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE MARK LINDSAY, JUDGE |
| | AFFIRMED |

## RAYMOND R. ABRAMSON, Judge

Noah Stephen McDaniel appeals his conviction of three counts of first-degree terroristic threatening and sentencing enhancements for targeting law enforcement officers and for being a habitual offender.[1] He was sentenced to an aggregate term of 216 months' imprisonment and fined $30,000. On appeal, McDaniel argues that the circuit court abused its discretion by allowing certain witnesses to testify. We affirm.

On May 3, 2019, the State filed an amended criminal information against McDaniel charging him with three counts of terroristic threatening and three sentencing enhancements

---

[1]This is the third time this appeal has been before our court. In the two previous appeals, McDaniel's attorney filed no-merit briefs, and we ordered rebriefing because the requirements of *Anders v. California*, 386 U.S. 738 (1967), and Arkansas Supreme Court Rule 4-3 had not been satisfied. *See McDaniel v. State*, 2021 Ark. App. 204; *McDaniel v. State*, 2020 Ark. App. 458. This case now returns as a merit appeal.

for targeting law enforcement officers and for habitual-offender status. The charges alleged that McDaniel threatened to kill Sheriff Jonathon Cornelison, Deputy Sheriff Aaron Smith, and Officer Jeremy Fuller after they had arrested him.

The case proceeded to a jury trial on May 6, 2019. At trial, testimony showed that on December 13, 2018, Cornelison, Smith, and Fuller arrested McDaniel at a high school gym for public intoxication and that McDaniel resisted arrest at the gym and at the jail. At the jail, McDaniel was eventually moved to a cell to calm down. While in the cell, McDaniel clogged the toilet, which resulted in a small flood. Jailer Travis Horan, Detective Olin Thompson, and Corporal Clint Ham responded to the flood.

At that time, McDaniel became more aggressive and threatened to kill the three officers who arrested him at the gym. Ham testified that

> McDaniel made a very specific threat. He looked me in the eyes, and he told me that when he got out of jail, he was going to kill Corporal Cornelison, Deputy Smith, and the other one. He couldn't—he couldn't recall Officer Fuller's name, but that's who he was talking about, who had arrested him, the other would have been Fuller. He was very intently focused on me, pointing his finger at me, and he told me I was going to watch while he did it, not to doubt him. He swore on the Bible that he was going to do it. He swore on his kid's head that he was going to do it. That took the threat to a very much more realistic, legitimate level in my—in my train of thought. Considering he's a local guy, we all live locally . . . . He never did threaten us [Ham, Horan, or Thompson]. He was very upset about the arrest. That was the main focus of everything.

Horan testified that he also heard McDaniel threaten the arresting officers.

During trial, McDaniel moved to exclude evidence about his arrest at the high school gym because his counsel did not know about the incident. The State asserted that its discovery materials noted that McDaniel had been arrested at the gym.

McDaniel also objected to Horan's testimony that he heard McDaniel threaten the arresting officers. He asserted that he did not know that anyone other than Ham had heard the threats. The State responded that it had provided McDaniel with Ham's incident report. The court overruled both of McDaniel's evidentiary objections.

The jury convicted McDaniel of all three counts as well as the sentencing enhancements, and he was sentenced to an aggregate term of 216 months' imprisonment and fined $30,000. This appeal followed.

On appeal, McDaniel argues that the circuit court abused its discretion by not imposing sanctions on the State for failing to disclose the nature of its witnesses' testimony. Specifically, he claims that he was unaware that Horan would testify that he heard McDaniel threaten the arresting officers and that he was also unaware that other witnesses would testify about his arrest at the gym. He also argues that the court should have imposed sanctions on the State for not timely disclosing its witnesses and their phone numbers and addresses.

The standard of review for imposing sanctions for discovery violations is whether there has been an abuse of discretion. *Hicks v. State*, 340 Ark. 605, 12 S.W.3d 219 (2000). The supreme court has said that "the key in determining if a reversible discovery violation exists is whether the appellant was prejudiced by the prosecutor's failure to disclose." *Bray v. State*, 322 Ark. 178, 180, 908 S.W.2d 88, 89 (1995). The burden is on the appellant to prove that the discovery violations were sufficient to undermine the confidence in the outcome of the trial. *Id.* Even if a discovery violation has occurred, this court will not reverse if the error is harmless. *See, e.g.*, *Mosley v. State*, 323 Ark. 244, 914 S.W.2d 731 (1996).

3

Arkansas Rule of Criminal Procedure 17.1 provides that the prosecuting attorney, upon timely request, shall disclose to defense counsel the names and addresses of persons whom the prosecuting attorney intends to call as witnesses at any hearing or at trial. Ark. R. Crim. P. 17.1(a)(i). However, the State has no obligation to disclose to defense counsel the substance of the anticipated testimony of its witnesses. *See Stephens v. State*, 342 Ark. 151, 28 S.W.3d 260 (2000); *Sanders v. State*, 317 Ark. 328, 878 S.W.2d 391 (1994). The defendant cannot rely on discovery alone as a substitute for thorough investigation, and the State cannot be held responsible for a defendant's failure to investigate the evidence. *See Stephens*, 342 Ark. 151, 28 S.W.3d 260; *Rychtarik v. State*, 334 Ark. 492, 501, 976 S.W.2d 374 (1998).

In this case, we hold that the circuit court did not abuse its discretion by not imposing sanctions on the State. The State had no obligation to provide the substance of its witnesses' testimony to McDaniel. As to McDaniel's argument that the State failed to timely provide its witnesses and their phone numbers and addresses, McDaniel did not raise that argument to the circuit court. Because arguments raised for the first time on appeal could not have been considered by the circuit court, such arguments will not be addressed by this court in its review of the circuit court's order. *Smith v. State*, 2014 Ark. 323, 464 S.W.3d 104.

Further, McDaniel cannot show prejudice. When a defendant has knowledge or access to the information, prejudice will not be found to exist. *See Smith v. State*, 2012 Ark. App. 130, 390 S.W.3d 772. We have also refused to find prejudicial error when the evidence in question was merely cumulative to other evidence admitted at trial. *See Torres-Garcia v. State*, 2021 Ark. App. 174. Here, McDaniel knew about his arrest at the gym, and witnesses

other than Horan testified about McDaniel's threats to the arresting officers. Accordingly, we find no abuse of discretion by the circuit court, and we affirm McDaniel's conviction.

Affirmed.

VIRDEN and HIXSON, JJ., agree.

*King Law Group PLLC*, by: *W. Whitfield Hyman*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Joseph Karl Luebke*, Ass't Att'y Gen., for appellee.